# Exhibit A

# SEIU Local 721

# Superior Court of California County of San Bernardino

## Memorandum of Understanding

### July 1, 2015, through September 30, 2019



# MEMORANDUM OF UNDERSTANDING
# BETWEEN THE SUPERIOR COURT OF CALIFORNIA,
# COUNTY OF SAN BERNARDINO, AND THE SERVICE EMPLOYEES
# INTERNATIONAL UNION, LOCAL 721 CONCERNING THE
# EMPLOYEES IN THE
# OFFICIAL COURT REPORTER AND SUPPORT SERVICES UNITS
# 2015 - 2019




# MEMORANDUM OF UNDERSTANDING
## 2015 - 2019

## TABLE OF CONTENTS

| ARTICLE | TOPIC | PAGE |
|---|---|---|
| PREAMBLE | | 1 |
| ARTICLE 1. | RECOGNITION | 1 |
| ARTICLE 2. | ACCESS TO PERSONNEL RECORDS | 1 |
| ARTICLE 3. | ACCESS TO WORK LOCATIONS BY SEIU, LOCAL 721 | 1 |
| ARTICLE 4. | ACCIDENTAL DEATH AND DISMEMBERMENT | 2 |
| ARTICLE 5. | AGENCY SHOP | 2 |
| ARTICLE 6. | AUTHORIZED EMPLOYEE REPRESENTATIVES | 4 |
| ARTICLE 7. | BENEFIT PLAN | 5 |
| ARTICLE 8. | BILINGUAL COMPENSATION | 8 |
| ARTICLE 9. | CATASTROPHIC LEAVE | 8 |
| ARTICLE 10. | CLASSIFICATION | 10 |
| ARTICLE 11. | DEMOTIONS | 10 |
| ARTICLE 12. | DISCIPLINE AND GRIEVANCE PROCEDURE | 11 |
| ARTICLE 13. | DISASTER SERVICE WORKERS | 15 |
| ARTICLE 14. | DUAL APPOINTMENTS | 15 |
| ARTICLE 15. | ELECTRONIC FUND TRANSFER | 15 |
| ARTICLE 16. | EMPLOYEE RIGHTS | 15 |
| ARTICLE 17. | EMPLOYER PAYROLL SYSTEM | 16 |
| ARTICLE 18. | EXPENSE REIMBURSEMENT | 16 |
| ARTICLE 19. | EXTRA-HELP EMPLOYMENT | 16 |
| ARTICLE 20. | FIT FOR DUTY | 17 |
| ARTICLE 21. | FULL UNDERSTANDING, MODIFICATION AND WAIVER | 17 |
| ARTICLE 22. | FURLOUGHS | 17 |

**ARTICLE 23.** **IMPLEMENTATION** ................................................................................ 17

**ARTICLE 24.** **JOB SHARING** ...................................................................................... 18

**ARTICLE 25.** **LABOR-MANAGMENT COMMITTEE** ........................................ 18

**ARTICLE 26.** **LAYOFF** ................................................................................................ 19

**ARTICLE 27.** **LEAVE PROVISIONS** ....................................................................... 22

**ARTICLE 28.** **LIFE INSURANCE** .............................................................................. 31

**ARTICLE 29.** **MEAL PERIODS** .................................................................................. 31

**ARTICLE 30.** **MANAGEMENT RIGHTS** ................................................................ 32

**ARTICLE 31.** **MERIT ADVANCEMENTS** ............................................................. 32

**ARTICLE 32.** **NONDISCRIMINATION** ................................................................... 33

**ARTICLE 33.** **OBLIGATION TO SUPPORT** ......................................................... 33

**ARTICLE 34.** **OVERTIME** .......................................................................................... 33

**ARTICLE 35.** **PART-TIME** .......................................................................................... 35

**ARTICLE 36.** **PAY PERIOD** ....................................................................................... 35

**ARTICLE 37.** **PAYROLL DEDUCTIONS** ............................................................... 35

**ARTICLE 38.** **PAYROLL ERRORS** ........................................................................... 35

**ARTICLE 39.** **PROBATIONARY PERIOD** ............................................................. 35

**ARTICLE 40.** **PROMOTIONS.**..................................................................................... 36

**ARTICLE 41.** **PROVISIONS OF LAW** ..................................................................... 36

**ARTICLE 42.** **REALTIME DIFFERENTIAL.**.......................................................... 36

**ARTICLE 43.** **RECRUITMENT/RETENTION SALARY ADJUSTMENT** ........ 36

**ARTICLE 44.** **RE-EMPLOYMENT** ............................................................................ 37

**ARTICLE 45.** **RELOCATION** ..................................................................................... 37

**ARTICLE 46.** **RENEGOTIATION** ............................................................................. 38

**ARTICLE 47.** **REST PERIODS** .................................................................................. 38

**ARTICLE 48.** **RETIREMENT SYSTEM CONTRIBUTIONS** ............................ 38

**ARTICLE 49.** **RETURN-TO-WORK COMPENSATION** ..................................... 39

**ARTICLE 50.** **SALARY ADJUSTMENTS** ............................................................... 41

**ARTICLE 51.** **SALARY RATES AND STEP ADVANCEMENTS** ..................... 41

**ARTICLE 52.** SPECIAL ASSIGNMENT COMPENSATION ........................................................ 41

**ARTICLE 53.** STANDARD TOUR OF DUTY ........................................................................ 42

**ARTICLE 54.** STATE DISABILITY INSURANCE ................................................................... 43

**ARTICLE 55.** TEMPORARY PERFORMANCE OF HIGHER-LEVEL DUTIES ....................... 43

**ARTICLE 56.** TERM ............................................................................................................. 44

**ARTICLE 57.** TRANSFERS ................................................................................................... 44

**ARTICLE 58.** TUITION REIMBURSEMENT AND MEMBERSHIP DUES .......................... 44

**ARTICLE 59.** UNIFORMS ...................................................................................................... 45

**ARTICLE 60.** UNION EDUCATION AND RELEASE TIME .................................................. 45

**ARTICLE 61.** USE OF BULLETIN BOARDS ........................................................................ 46

**ARTICLE 62.** USE OF COURT RESOURCES ...................................................................... 46

**ARTICLE 63.** VOLUNTARY TIME OFF ................................................................................ 46

**ARTICLE 64.** WORK DISRUPTION ...................................................................................... 47

**APPENDIX A** ........................................................................................................................ 48

**APPENDIX B** ........................................................................................................................ 49

**APPENDIX C** ........................................................................................................................ 50

**APPENDIX D** ........................................................................................................................ 51

**APPENDIX E** ........................................................................................................................ 52

2015 - 2019
### MEMORANDUM OF UNDERSTANDING
### BETWEEN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO, AND
### SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 721
### CONCERNING THE EMPLOYEES IN THE
### OFFICIAL COURT REPORTER AND SUPPORT SERVICES UNITS

### PREAMBLE

The parties to this Agreement affirm their mutual commitment to the goals of effective and efficient public service, high employee morale, sound and responsible management of Court business, and amicable employer-employee relations. The parties acknowledge that productivity improvement can only be achieved as a by-product to valuing people.

The parties encourage the highest possible degree of friendly cooperative relationships between their respective representatives at all levels and with and between all employees.

### ARTICLE 1.                     RECOGNITION

The Superior Court of California, County of San Bernardino, hereinafter referred to as "Court," recognizes the Service Employees International Union, Local 721 certified on April 08, 2015, hereinafter referred to as "SEIU" as the exclusive recognized employee organization for the employees in the employee classifications comprising said Units as listed in Appendix D hereof, as well as employees in such classes as may be added to these Units hereafter by the Court.

### ARTICLE 2.                     ACCESS TO PERSONNEL RECORDS

Personnel records are confidential and access to personnel records of the employee shall be limited to the Director of Human Resources and the Court Executive Officer or their authorized representatives. Employees currently employed by the Court, and/or their representatives, designated by the employee in writing, will be allowed to review the employee's personnel records during regular business hours.

Letters of reference and other matters exempted by law shall be excluded from the right of inspection by the employee.

Negative information may be purged from the personnel records, subject to legal constraints, at the sole discretion of the Court Executive Officer or upon the request of the employee and upon approval of the Court Executive Officer and the employee shall be so notified. Employees desiring to review such records shall make such request in writing at least twenty-four (24) hours in advance to the Director of Human Resources or his/her designee.

### ARTICLE 3.                     ACCESS TO WORK LOCATIONS BY SEIU

The parties recognize and agree in order to maintain good employee relations, it is necessary for Representatives of SEIU to confer with Court employees during working hours.

Therefore, SEIU Representatives shall be granted access to work locations during regular working hours to investigate and process grievances or appeals. SEIU Representatives shall be granted access upon submitting a notice to the Court Executive Officer or designee at least twenty-four (24) hours prior to entering a work location and after advising of the general nature of the business. However, the Court Executive Officer or designee may deny access or terminate access to work locations if in their judgment it is deemed that the visit would interfere with the efficiency, safety, or security of Court operations. The Court Executive Officer shall not unreasonably withhold timely access to work locations. The Court

Executive Officer shall ensure that there is at all times someone designated who shall have full authority to approve access. If a request is denied, the Court Executive Officer or designee shall establish a mutually agreeable time for access to the employee.

SEIU Representatives granted access to work locations shall limit such visits to a reasonable period of time, taking into consideration the nature of the grievance or appeal.

The Court Executive Officer or designee may mutually establish with the SEIU Representative reasonable limits as to the number of visits authorized with the same employee on the same issue, and reasonable limits as to the number of employees who may participate in a visit when several employees are affected by a specific issue. The Court shall not unduly interfere with SEIU's right to access work locations.

SEIU Representatives shall be permitted the use of available meeting spaces during regular working hours to conduct meetings. SEIU Representatives shall be granted access upon submitting a notice to the Court Executive Officer of designee at least fourteen (14) calendar days prior to the date of the proposed meeting.

## ARTICLE 4.                    ACCIDENTAL DEATH AND DISMEMBERMENT

Any employee may purchase amounts of Accidental Death and Dismemberment Insurance coverage for themselves and dependents through payroll deduction according to the following schedule:

|  | DEPENDENT COVERAGE | |
|---|---|---|
| EMPLOYEE COVERAGE | SPOUSE/DOM. PARTNER | EACH CHILD |
| $10,000 | $5,000 | $3,125 |
| $25,000 | $12,500 | $6,250 |
| $50,000 | $25,000 | $12,500 |
| $100,000 | $50,000 | $25,000 |
| $150,000 | $75,000 | $25,000 |
| $200,000 | $100,000 | $25,000 |
| $250,000 | $125,000 | $25,000 |

The Court agrees to provide these benefits subject to carrier requirements. Selection of the insurance provider(s) and the method of computing premiums shall be within the sole discretion of the Court.

New employees shall become eligible to participate in these programs on the start of the pay period following completion of (one thousand forty) 1040 service hours of satisfactory service.

Note: All persons eligible for the foregoing programs of insurance will be covered for the insurance on the date the insurance becomes effective, or in the case where the employee is absent on the date the insurance becomes effective because of illness, the insurance will commence on the date of return to work.

## ARTICLE 5.                    AGENCY SHOP

As a condition of new or continued employment, all employees shall become a member of SEIU or pay to SEIU an agency fee or fair share fee while SEIU serves as their exclusive bargaining representative over wages, benefits and working conditions.   New employees have five (5) working days following the initial date of employment to fully execute the dues authorization form of and return said form to Human Resources/Payroll. If the form is not completed properly or returned within five (5) working days, service

2

fees at the full member dues rate will be deducted from the employee's regular bi-weekly pay. Excepted from the above are extra-help employees.

All dues and fees withheld by the Court shall be transmitted to the SEIU Officer designated in writing by SEIU as the person authorized to receive such funds, at the address specified.

No unit member shall be required to join SEIU or to make an agency fee payment if the unit member has actual, verified religious objections, or is a member of a bona fide religion, body, or sect which has historically held conscientious objections, to joining or financially supporting employee organizations; this exemption shall not be granted unless and until such unit member has verified the specific circumstances. Such employee must instead arrange with SEIU to satisfy his/her obligation by donating the amount equivalent to member dues to a non-labor, non-religion charitable fund, tax-exempt under Section 501(c)(3) of the Internal Revenue Code (IRC), chosen by the employee, from the following:  County Employees Combined Giving Campaign; Teddy Bear Tymes; the Salvation Army; Children's Fund.  SEIU shall be responsible for determinations under this paragraph and will notify the Court regarding deductions and transmissions of dues and fees accordingly.

The Court shall deduct an amount equal to SEIU's biweekly dues and remit that amount to SEIU if an employee has not authorized payroll deduction of such fee and SEIU certifies to the Court that such employee has not made payment to SEIU nor made arrangements with SEIU to satisfy his or her obligation by donating the equivalent amount of dues as specified above.

SEIU shall be fully responsible for expending funds received under this Article consistent with all legal requirements for expenditures of employee dues, which are applicable to public sector labor organizations.

The Court shall not be obligated to put into effect any new, changed, or discontinued deduction until written notification is submitted to the Court's Human Resources/Payroll Department in sufficient time to permit normal processing of the change of deduction.

SEIU shall keep an adequate itemized record of its financial transactions and shall make available annually to the Court, upon request, a copy of financial reports required under or referred to in the Labor-Management Disclosure Act of 1959 or Government Code Section 3546.5.

The arrangement shall be null and void if rescinded by a vote of employees in the unit Pursuant to the Trial Court Employment Protection and Governance Act Section 71632.5(b).

SEIU's indemnity and liability obligation is more fully set forth as follows:

(a)  SEIU shall defend, indemnify and hold harmless the Superior Court of California, County of San Bernardino and its Officers and employees from any claim, loss, and liability, cause of action or administrative proceeding arising out of the operation of this Article. Upon commencement of such legal action, administrative proceeding, or claim, SEIU shall have the right to decide and determine whether any claim, administrative proceeding, liability, suit or judgment made or brought against the Court or its Officers and employees because of any application of this Article shall not be compromised, resisted, defended, tried or appealed. Any such decision on the part of SEIU shall not diminish SEIU's defense or/and indemnification obligations under this Agreement.

(b)  The Court, immediately upon receipt of notice of such claim, proceeding or legal action shall inform SEIU of such action, provide SEIU with all information, documents, and assistance necessary for SEIU defense or settlement of such action and fully cooperate with SEIU in providing all necessary employee witnesses and assistance necessary for said defense. The cost of any such assistance shall be paid by SEIU.

Maintenance of Membership

In the event that the U.S. Supreme Court rules that Agency Shop is unlawful, this Memorandum of Understanding shall be amended to provide for a Maintenance of Membership provision which shall read in full as follows:

Employees who have authorized Union dues deductions at such time of a Supreme Court decision shall continue to have dues deductions or at any time subsequent to a Supreme Court decision shall continue to have such dues deduction made by the Court during the term of this MOU; provided, however, that any employee in the Unit may terminate such Union dues during the thirty (30) day period commencing ninety (90) days before the expiration of the MOU by notifying the Union of their termination of the Union dues deduction.  Such notification shall be certified mail and should be in the forms of the letter containing the following information:  employee name, employee number, job classification, department name and which dues deductions are to be cancelled.  The Union will provide to the Court with the appropriate documentation to process these membership dues cancellations within ten (10) business days after the close of the withdrawal period.

## ARTICLE 6.                    AUTHORIZED EMPLOYEE REPRESENTATIVES

Section 1.   Authorized Employee Representatives

SEIU may designate employees as authorized employee representatives (stewards) or alternates to represent employees in the processing of grievances or during disciplinary proceedings subject to the following rules and procedures:

(a) SEIU may designate one (1) authorized employee representative in each bargaining unit of the following geographic locations for which the Court maintains a work force:  Fontana, Barstow, Joshua Tree, Juvenile and Court Technology, Child Support Division, and Records Center.  SEIU shall be entitled to designate one (1) alternate for each authorized employee representative; provided, that these alternates shall be located at the same major geographic location as their appropriate representative.  SEIU may designate two (2) authorized employee representatives in each bargaining unit of the following geographic locations for which the Court maintains a work force:  San Bernardino Justice Center, San Bernardino Historic, Victorville and Rancho Cucamonga.  SEIU shall be entitled to designate one (1) alternate for each bargaining unit in each of the geographic locations of San Bernardino Justice Center, San Bernardino Historic, Victorville and Rancho Cucamonga.

(b) If there is no employee representative in the unit at the work location, representation may be provided by an employee representative from another SEIU Unit.

(c) SEIU will designate only employees who have obtained regular status.

(d) SEIU shall file with the Court Executive Officer a written list of all employees designated as authorized employee representatives and alternates, such list to be kept current by SEIU.

(e) Time spent during regularly scheduled work hours by an authorized employee representative or alternate in representing an employee shall only be compensated by the Court at such representative's or alternate's base rate of pay.

(f) Court vehicles and supplies may not be used unless authorized by the Court.  Court telephones and e-mail may not be used in implementing the provisions of this Article if such use would unduly interfere with the efficiency, safety, or security of the Court operations and result in telephone costs to the Court.

Section 2.   Handling of Grievances and Disciplinary Proceedings

(a) At the request of an employee, an authorized employee representative or alternate may investigate a formal grievance and represent the employee at the resulting proceedings or represent the employee during disciplinary proceedings.

(b) Prior to participating in a grievance or disciplinary proceeding, the authorized employee representative or alternate and affected employee shall first obtain authorization from their immediate supervisor. The immediate supervisor may deny such request if it is deemed that such a request would unduly interfere with the efficiency, safety, or security of Court operations.  If the request is denied, the immediate supervisor will establish an alternate time convenient to the Court and employees when the authorized employee representative or alternate and affected employee can reasonably expect to be released from their work assignment.  A denial of permission will automatically constitute an extension of the time limits established in the Grievance Procedure equal to the amount of the delay.

(c) Employees must use the authorized employee representative or alternate assigned to their geographic location and representation unit, except as otherwise provided herein.

## ARTICLE 7.                        BENEFIT PLAN

(a) Employees in a regular position scheduled and paid for a minimum of forty (40) hours per pay period are eligible to receive the benefits of this section.

(b) The biweekly amount of the Court-provided Benefit Plan shall be two hundred dollars [$200.00 (retirement-earnable)] per pay period.

(c) A non retirement-earnable medical and dental subsidy for employees enrolled in the corresponding plan:

For the period commencing July 1, 2015, through April 30, 2016, the Court will provide a medical subsidy which is equivalent to forty-five percent (45%) of the lowest HMO Employee Only Plan [but not less than eighty dollars ($80.00) per pay period].

The dental subsidy will be equivalent to one hundred percent (100%) of the Dental PPO Employee Only Plan [but not less than twenty dollars ($20.00) per pay period].  The medical and dental subsidies will be applied prior to the Court-provided benefit plan of two hundred dollars ($200.00).

The Court shall provide the following subsidies for employees who enroll in HMO medical benefit plans for all employee groups on a per-pay period basis:

| Effective upon ratification of MOU | January 2017 | January 2018 | January 2019 |
|---|---|---|---|
| 48.2% of the medical premium cost | 51.5% of the medical premium cost | 53.1% of the medical premium cost | 54.8% of the medical premium cost |

Effective upon ratification of this MOU, the Court shall provide a subsidy amount for all PPO plans on a per-pay period basis for all employee groups equivalent to the Kaiser subsidy amounts.

(d) Under no circumstances will the monetary value of the Benefit Plan be prorated.

(e) Employees may choose to opt out of the dental plan.

(f) Eligible employees shall be provided with a Benefit Plan established under Section 125 of the Internal Revenue Code.  The purpose of the Benefit Plan is to provide employees with a choice between pre-tax and after-tax payroll deductions for health insurance, dental insurance, vision insurance, voluntary life (to the IRS-specified limit) and accidental death and dismemberment insurance premiums.  The amount

of the pre-tax salary reduction or after-tax payroll deduction must be equal to the required insurance premium. Any remaining Benefit Plan dollars are taxable cash to the employee.

(g) Under this benefit, the Court will make available the existing health, dental, voluntary life (to the extent permitted by IRS) and accidental death and dismemberment insurance programs currently maintained for Unit employees or any other program(s) mutually agreed upon by the parties. All eligible employees must enroll in one health plan offered by the Court. Participation in voluntary life and accidental death and dismemberment insurance is voluntary. Employees who fail to elect health plan coverage will be automatically enrolled in the health plan with the lowest high-option biweekly premium rates available to them based on the geographical location of their primary residence. There are two (2) exceptions to the rule requiring enrollment in one of the Court's health plans:

(1) Employees eligible for the Benefit Plan who are also enrolled in a comparable group health plan sponsored by another employer or a Covered California plan may elect to discontinue enrollment in their Court-sponsored health plan. Employees who make the election will receive the amount of the Benefit Plan dollars not applied to other eligible benefits as taxable cash. Employees who opt out of the medical and dental plan are not eligible to receive the medical and/or dental subsidies. Employees may elect to opt out of Court-sponsored health plan coverage within sixty (60) calendar days of becoming eligible for the Benefit Plan. The rules and procedures for electing to opt out of Court-sponsored health plan coverage will be established and administered by the Court's Human Resources Department. (The Court will designate same election opt-out periods as those designated by the County.) All employees electing to opt out must provide verification of other comparable group health plan coverage no less frequently than annually.

Employees who voluntarily or involuntarily lose their other group health plan coverage must make application to enroll in one of the Court-sponsored health plans within sixty (60) calendar days. If the loss is due to a qualifying event in accordance with Section 125 of the Internal Revenue Code, and the employee notifies the Court of the loss within the sixty (60) day period, the employee may enroll in the premium conversion option of the Benefit Plan. Employees, who lose their other group health coverage as a result of a non-qualifying IRC Section 125 event and/or fail to notify the Court of their loss of group coverage within sixty (60) calendar days, will not be provided with the premium conversion option of the Benefit Plan. These employees will be required to pay their health insurance premiums on an after-tax basis until a subsequent Court open-enrollment period for the Benefit Plan is held. Employees who lose their other group health coverage have the option of adding their eligible dependents upon enrolling in one of the Court's health plans. If the employee elects to not enroll their eligible dependents at this time, their eligible dependents may only be added at a subsequent annual open-enrollment period. There must be no break in the employee's health plan coverage between the termination date of the other employer group coverage and enrollment in a Court health plan.

(2) An eligible employee whose spouse is also an eligible Court employee may elect coverage as a dependent on their spouse's Court health and/or dental insurance plan in lieu of individual employee coverage. Such elections must be made within sixty (60) calendar days of the employee's or spouse's eligibility for Court health and dental insurance. Request for an exception must be submitted in writing on an appropriate form approved by the Court. Change will become effective on the first day of the pay period following the receipt and approval of all appropriate documentation.

(h) Eligible employees may elect to enroll their dependents upon initial eligibility for health and dental insurance. Thereafter, newly eligible dependents may be enrolled within sixty (60) days of obtaining dependent status, such as birth, adoption or marriage. Notification must be submitted to the Court's Human Resources Department in accordance with procedures adopted by the Court. Employees with

health and dental dependent coverage must maintain such coverage during the Plan Year. Dependent(s) may be removed mid-Plan year for the following: (1) Dependent(s) become ineligible for coverage under the insurance plan eligibility rules, e.g. divorce or over- aged dependent, (2) employee has an eligible change in status, e.g. loss or gain of spouse's employment, or (3) dependent(s) coverage is entirely paid on an after-tax basis through payroll deduction. Premiums for coverage will be automatically deducted from the employee's pay warrant. Under no circumstances will the insurance premiums be prorated.

(i) Election of pre-tax and after-tax payroll deductions shall be made in a manner, time period, and on such forms as are provided by the Court's Human Resources Department.

(j) Flexible Spending Accounts

    (1) The Court will offer the IRS Section 125 plan Flex Spending Account-Healthcare (hereinafter HC) to employees in regular positions and receiving a minimum of forty (40) hours per pay period or on an approved leave designated as Family Medical Leave. The Court will pay the administrative fees. For employees electing to participate in the plan, the minimum required deduction will be ten dollars ($10.00) per pay period and the maximum allowable deduction will be pursuant to the IRS Regulations.

    (2) Employees in regular positions and receiving a minimum of forty (40) hours of pay per pay period or on an approved leave designated as Family Medical Leave are eligible to participate in the Flex Spending Account-Dependent Care (hereinafter DCAP). DCAP allows eligible employees to elect to receive dependent care assistance benefits, which are excludable from gross income under Sections 129 and 125 of the Internal Revenue Code, as amended, and shall be construed to comply with said Code Sections and to meet the requirements of any other applicable provision of law. DCAP exclusions from gross income do not affect compensation for retirement purposes.

    Flexible Spending Accounts will be administered by the Human Resources Department.

    An employee must contribute to Flexible Spending Account HC and/or DCAP through salary reduction. An employee election to participate shall be irrevocable for the remainder of the plan year except to the extent permitted under IRS Regulations. The Court will permit a carryover of unused monies in accordance with IRS Regulations.

(k) The Benefit Plan Year begins on January 1. All elections must remain in effect for the Benefit Plan Year.

(l) Employees who become eligible after the beginning of the Benefit Plan Year shall begin participation on the first day of the pay period in which they work forty (40) or more hours provided an approved election form is appropriately submitted.

(m) Mid-year change of elections, including opting out may be authorized by the Director of Human Resources, or his/her designee, as long as the change is made on account of or consistent with an employee's change in status as identified in Section 125 of the Internal Revenue Code. Employees are responsible for notification of mid-year change of elections due to status changes. Notification must be submitted to Court's Human Resources Department within sixty (60) days of the qualifying event. The Director of Human Resources may permit mid-year change of elections if Court insurance premiums significantly increase during the Benefit Plan Year.

(n) Elections may be changed for any reason during the Court's open enrollment period.

(o) In no event will changes in elections be permitted except to the extent permitted under Internal Revenue Service rulings and regulations.

(p) Employees who are on an approved medical leave of absence and whose paid hours in a pay period are less than forty (40) hours will continue to receive the benefits of this section for up to six (6) pay periods per episode of illness or injury. Employees who are on an approved Workers Compensation claim occurring January 1, 2006, or later shall receive the benefits of this section for up to thirteen (13) pay periods while off work due to that work injury and will be responsible for their employee portion of benefit deductions. Employees who are integrating paid leave time with either Short Term Disability (STD) insurance provided by the Court or State Disability Insurance (SDI) shall receive the benefits of this Article under the following circumstances: upon election of full integration of disability payments and paid leave time, employees who are paid less than forty (40) hours but have available leave balances of forty (40) hours or more shall receive the benefits of this Article. Employees who are on an approved medical leave of absence without pay or on an approved leave of absence without pay under the Family Medical Leave Act of 1993 will continue to receive the Benefit Plan dollars for up to six (6) pay periods. Employees who are on a leave of absence without pay shall not be eligible to receive the monetary benefits of this Article unless on a medical leave or a Family Medical Leave Act eligible leave.

Employees who are out on an approved leave of absence, in order to continue to be eligible for benefits, shall pay on a monthly basis their employee portion of benefits when their paycheck does not cover their employee portion of benefit deductions.

(q) Benefit Plan elections shall not reduce earnable compensation for purposes of calculating benefits or contributions for the San Bernardino County Employees' Retirement Association (SBCERA).

(r) The Court will provide a vision care plan for all employees. The Court will pay the premium for employee only coverage. Employees will be able to purchase dependent vision coverage through the plan.

(s) Employees covered by this agreement in a regular position may participate in the Section 457 (b) Deferred Compensation program in accordance with eligibility rules as defined by the plan.

**ARTICLE 8.**          **BILINGUAL COMPENSATION**

Employees in positions designated by the Court Executive Officer which require employees as a condition of employment to perform bilingual translation as a part of their regular duties shall be entitled to bilingual compensation. Such compensation shall apply regardless of the total time required per day for such translation. Employees in such positions must be certified as competent in translation skills by the Court to be eligible for compensation. Compensation shall be fifty dollars ($50.00) per pay period. An employee on an unpaid leave of absence for an entire pay period is not eligible to receive bilingual compensation.

**ARTICLE 9.**          **CATASTROPHIC LEAVE**

(a) The definition of Castrophic Leave is an approved Leave of Absence due to a verifiable, long term illness or injury, either physical or mental impairment of the employee, employee's spouse, registered domestic partner, child, and parent. Job and/or personal stress (not the result of a diagnosed mental disorder) is specifically excluded for receipt by the employee of Catastrophic Leave. A statement from the employee's treating physician, subject to review by the Director of Human Resources or medical designee, is required.

(b) The employee must have regular status with the Court or one (1) year of continuous service in a regular position with the Court. Continuous county service immediately prior to Court service will count toward the one (1) year.

(c) The employee must meet all of the following criteria before he or she becomes eligible for Catastrophic Leave donation: (1) Be on an approved medical leave of absence for at least thirty (30) calendar days (160 working hours) exclusive of an absence due to a work related injury/illness; (2) Submit a doctor's off work order verifying the medical requirement to be off work for a minimum of thirty (30) calendar days (160 working hours); (3) Have exhausted all available leave balances.

(d) An employee is not eligible for Catastrophic Leave if he or she is receiving Workers' Compensation benefits. An employee eligible for state disability insurance and/or Short Term Disability must agree to integrate these benefits with Catastrophic Leave.

(e) Vacation, holiday, administrative leave or annual leave, as well as compensatory time, may be donated by employees only on a voluntary and confidential basis, in increments of two (2) hours not to exceed a total of fifty percent (50%) of an employee's annual vacation, holiday, administrative leave, annual leave or compensatory time accrual per employee. The donation may be made for a specific employee on the time frames established by the Director of Human Resources. The employee (donee) receiving the Catastrophic Leave will be taxed accordingly.

(f) The donation is to be for the employee's Catastrophic Leave only; the donation to one employee is limited to a total of one thousand forty (1040) hours per fiscal year.

(g) The employee on an approved Medical Leave of Absence who is receiving Catastrophic Leave can continue to earn benefit monies per the forty (40) hours per pay period requirement of the Benefit Plan Article 7 of this MOU, or the requirement of the Federal and State Family Leave Acts, as applicable to the individual employee. An employee receiving leave under this program is not eligible for receipt of any accruals such as vacation, administrative leave, annual leave, sick leave or retirement credit.

(h) Donor hours shall be contributed at the donor's hourly base salary rate and be converted to the donee's hourly base salary, exclusive in both instances of overtime, differentials and the like as the singular purpose of this program is to provide financial assistance.

(i) Any donated time unused by the employee for the medical emergency shall remain in the donee's accruals to be utilized as follows:

   1. Employees who resign or die while on Catastrophic Leave shall be paid at one hundred percent (100%) of their base hourly rate of pay for all unused Catastrophic Leave at time of resignation or death in accordance with payroll procedures established by the Court.

   2. An employee on Catastrophic Leave who has received the approval of his/her physician to return to full time work shall have all unused Catastrophic Leave converted to an equal amount of sick leave which will be available to the employee according to the applicable Sick Leave Article of the Memorandum of Understanding.

   3. An employee on Catastrophic Leave who has received the approval of his/her physician to return to work on a part time basis (less than the employee's normally scheduled hours of work per pay period) may record a combined total of work time and Catastrophic Leave not to exceed each pay period the lesser of eighty (80) hours or the employee's normally scheduled hours of work.

(j) The donation shall be administered on a specific basis where so designated with instances charged to the Catastrophic Leave donation for the actual administrative costs.

(k) Solicitation of donors shall be regulated by the Director of Human Resources; names of donors are to be confidential; the privacy rights of the donee upheld per legal requirements.

All donors and donees shall sign release forms designed, retained and effected by the Director of Human Resources

## ARTICLE 10.                    CLASSIFICATION

### Section 1.  Purpose

Classification review is a management tool to ensure the accurate reflection of tasks and duties involved in each Court position for the purpose of recruitment, compensation, and organizational structuring.

### Section 2.  Upgrading

An upgrade is the reclassification of a position from one classification to another classification having a higher base salary range.  Whenever an incumbent employee is upgraded as the result of such classification, such employees' step placement in the new salary range shall be governed by the article in "Promotions."

### Section 3.  Downgrading

When a position is downgraded, the Court Executive Officer or designee may authorize continuation of the same salary rate payment to the incumbent employee that the employee received prior to the downgrading of the position by placing the employee on the "X" step, provided that the employee shall receive no future salary rate increases until the salary rate of the position held exceeds the "X" step.

## ARTICLE 11.                    DEMOTIONS

A demotion is the appointment of an employee from an incumbent position to a position in a different classification for which the maximum rate of pay is lower.

A promoted employee who returns to his/her former classification during the probationary period shall be placed on the same step within the base salary range for the former classification that the employee was on at time of promotion.  No credit shall be granted for time spent at the promoted level for next step advance due date.

A probationary employee who voluntarily demotes to a different classification from which the employee was promoted shall be retained at the same salary rate, provided that the salary rate does not exceed the top step of the lower classification.  If the salary rate is higher than the top step of the lower classification, the employee shall be placed at the top step of the base salary range of the lower classification.

An employee with regular status who voluntarily demotes to a lower classification shall be returned at the same salary rate, provided that the salary rate does not exceed the top step of the lower classification.  If the salary rate is higher than the top step of the lower classification, the employee shall be placed at the top step of the base salary range of the lower classification.

An employee who demotes to a trainee classification for which the journey level position is higher than the classification he/she demoted from, shall retain the same salary rate.  Such an employee will be placed on the "X" step if necessary, and the employee shall receive no future salary rate increases until the salary rate of the position held exceeds the "X" step.

An employee, whose position is downgraded as a result of a classification study, may be placed on the "X" step as set forth in Article 12 "Classification" with the approval of the Court Executive Officer or designee.

An employee demoted for disciplinary reasons shall be placed on the step within the base salary range of the class to which demoted as provided in the Order of Demotion.

**ARTICLE 12.**                **DISCIPLINE AND GRIEVANCE PROCEDURE**

Section 1.   Purpose

The Court and SEIU fully realize the importance of a viable grievance procedure to aid in the resolution of disputes and resolve disciplinary actions.  It is recognized that conditions may arise which can create employee dissatisfaction, and that to maintain high employee morale and harmonious relations, an orderly method of processing grievances is necessary.  The initiation of a grievance in good faith by an employee shall not cause any adverse reflection on the employee's standing with immediate supervisors or loyalty as an employee.

Section 2.   Definition

A grievance is any dispute between  management and an employee, group of employees or SEIU, which involves the interpretation or application of any provision(s) of this Memorandum of Understanding including discipline, excluding, however, those provisions of this Memorandum of Understanding which specifically provide that the decision of a Court official shall be final, the interpretation and application of those provisions not being subject to the grievance procedure.  SEIU may not independently submit or process a formal grievance, unless it alleges that at least one (1) employee within the Unit has suffered detriment as a result of the aggrieved contract provision.

Section 3.   Exclusions

All matters are excluded which deal with the Articles "Management Rights;" Temporary Performance of Higher Level Duties; Special Assignment Compensation (SAC); concerning compensation; federal or state statutes, rules, or regulations.  SEIU may represent the grievant at any step of the grievance procedure.

Section 4.   Consolidation

To avoid the necessity of processing similar grievances one at a time, similar grievances shall be consolidated whenever possible.

Section 5.   Representation

SEIU may represent the grievant at any step of the grievance procedure.  Aggrieved employee(s) may represent themselves, or may be represented by a SEIU Labor Relations Representative.  This representation may commence at any step in the Grievance Procedure.  A representative of the Court Executive Office may be in attendance at any step in the Grievance Procedure.  The Court agrees within reasonable limits to compensate the aggrieved employee(s) for time spent during regularly scheduled hours in the handling of real and prospective grievances.

Section 6.   Time Limitations and Notifications

The grievance must be initiated within fifteen (15) working days after the employee is aware of the conditions precipitating the grievance.

Time limitations in this procedure may be modified only by agreement of the parties.  It shall be the grievant's responsibility to initiate action, which submits the grievance to the next level within those specified time limits.  Failure to submit the grievance within the time limits imposed shall terminate the grievance process and the matter shall be considered resolved.  The grievant shall promptly proceed to the next step if a reviewing official does not respond within the time limits specified.

Section 7.   Steps in the Grievance Procedure

Step 1. Any employee or group of employees who believe that a provision of this Memorandum of Understanding has been misinterpreted or misapplied to his or her detriment shall discuss the complaint with the grievant's immediate supervisor. It is the responsibility of the employee to inform the supervisor that he/she is initiating the grievance process. Within five (5) working days, the supervisor shall give the decision to the employee orally.

Step 2. If a mutually acceptable solution has not been reached in Step 1, the grievant shall submit the grievance in writing on forms supplied by the Court's Human Resources Department to the Director of Human Resources within ten (10) working days. The Director of Human Resources shall make a determination of whether the grievance is a matter for which the grievance procedure is appropriate after consultation with SEIU. The determination and notification to the grievant and SEIU will be made within five (5) working days of receipt of the grievance. Any affected party may appeal this determination directly to an arbitrator within five (5) days following notification by the Director of Human Resources.

Step 3. If the grievance is accepted in Step 2, the grievant shall submit the written grievance to the Manager within five (5) working days of notification by the Director of Human Resources. The Manager shall meet with the grievant and fully discuss the grievance. The Manager shall submit a response to the grievant in writing within ten (10) working days.

Step 4. If a mutually acceptable solution has not been reached in Step 3, the grievant shall submit the written grievance to the Deputy Executive Officer in the chain of command for the employee within five (5) working days of notification by the Manager. The Deputy Executive Officer following review of the Court Executive Officer or designee shall have full and final authority on behalf of the Court to mutually resolve the grievance or refer the grievance to the next step within ten (10) working days. Notification shall be rendered in writing to the grievant and SEIU.

Step 5. If the grievance is not resolved at Step 4, the grieving party may submit the grievance to an arbitrator. The Court and SEIU shall select an arbitrator from the San Bernardino County Civil Services Commission list of arbitrators. The Court and the employee or SEIU shall contact an arbitrator to establish a hearing date. The cost of the arbitrator's services shall be split equally between the Court and the other party, including any cancellation fee if both parties are mutually responsible, otherwise the responsible party shall pay the entire cancellation fee.

The decision of the arbitrator shall be in writing and transmitted to the parties within thirty (30) calendar days after the close of the hearing. Under no condition can the arbitrator order relief that exceeds the relief requested by the grievant. The arbitrator award may not include any penalty that would exceed what an employee would receive under the provisions of this Memorandum of Understanding. The arbitrator shall have no authority to modify the provisions of the Memorandum of Understanding.

The arbitrator's decision shall be transmitted to the Director of Human Resources and SEIU with a copy to the grievant. The Director of Human Resources shall submit any grievance decision with financial impact to the Court Executive Officer or designee as soon as practicable.

The decision of the arbitrator shall be final and binding.

All grievances shall be treated as confidential and no publicity will be given until the final resolution of the grievance.

Section 8. Mediation

By mutual agreement and in lieu of arbitration in Step Five (5) of the discipline and grievance procedure, the parties may utilize the services of a mediator for the resolution of grievances.

Section 9.   Employee Discipline

Notice of Proposed Action

Prior to the issuance of a written Notice to either suspend for more than five working days, demote, reduce in step, or dismiss an employee with regular status, written notice of at least five (5) working days of the proposed disciplinary action shall be given before such action is to be taken and must include:

(a) Notice of proposed action;

(b) Reasons for proposed action pursuant to Court policies and rules;

(c) A copy of charges stating specific incidents or specific courses of conduct, and a copy of the written materials pertaining to those incidents or course of conduct; and

(d) A notice to the employee of the right to respond in writing and/or orally to the proposed disciplinary action before said discipline is imposed.  The notice to the employee of the right to respond must specify at least the five (5) working day period except as provided below under "Limitations and Exceptions".  A longer notice might be warranted in specific cases because of the volume of material or complexity of the issues involved.

The notice of proposed disciplinary action must be in writing and shall be signed by the Court Executive Officer or designee.  Upon receipt of the employee's response, the Court Executive Officer shall review the response and determine the appropriate course of action.  This may include imposing the same level of disciplinary action, modifying with less severe disciplinary action, or rescinding the notice of proposed action.

Limitations and Exceptions

(a) Oral notice is insufficient as full notice to an employee and may be given only as the initial notice in extraordinary circumstances which call for immediate action as described below.

(b) For an action involving a suspension based upon extraordinary circumstances, an oral or written Notice of Suspension is sufficient, without giving any type of prior notice of proposed action.  If such an oral or written notice of suspension is given, the cause or causes for the suspension must be given at the same time, orally or in writing.

Employees may be suspended without prior notice in extraordinary circumstances when it is essential to avert harm to the public, other employees, or to avert serious disruption to government business.  Extraordinary circumstances include, but are not limited to, situations involving: misappropriation of public funds or property; working while under the influence of intoxicating liquor or drugs; open insubordination; commission of a crime involving moral turpitude punishable by imprisonment for six (6) months or more; and disruption of Court business through willful misconduct (altercations, etc).  For actions involving an oral Notice of Suspension in extraordinary circumstances, a written Notice of Suspension shall be provided to the employee within five (5) working days after the oral notice is given, and said Notice shall contain the same information required under "Notice of Disciplinary Action for other than Short Term Suspensions."

(c) Short-term Suspension – For actions involving a suspension of five (5) working days or less, an oral Notice of Suspension is sufficient, without giving any notice of proposed action.  If such oral notice of suspension is given, the cause or causes for the suspension must be given at the same time.  A

13

written Notice of Disciplinary Action shall be prepared and a copy of the Notice shall be personally served upon the employee within two (2) working days of termination of the suspension. Said Notice shall contain the effective date of disciplinary action, pursuant to Court rules and policies. The causes and reasons for the action, the charges stating specific incidents or specific courses of conduct, and a copy of the written materials upon which the action is based. The Notice shall include notice of the employee's right to respond either orally and/or in writing to the Court Executive Officer within five (5) working days of the service of the Notice on the employee. Upon receipt of the employee's response, the Court Executive Officer shall review the response and determine the appropriate course of action, or rescind the disciplinary action. The Notice shall also include notice of the time allowed for appeal and answer. The original Notice shall be filed with the Director of Human Resources and shall be accompanied by information showing that the employee has been served.

<u>Notice of Disciplinary Action for Other Than Short-Term Suspension</u>

After completing the requirement for notice of Proposed Action, any employee response should be considered and a determination made of appropriate action. The imposition of disciplinary action to suspend, demote, reduce in salary step, or dismiss is constituted by written Notice. Said Notice is similar to the Notice of Proposed Disciplinary Action in that it contains the effective date the disciplinary action is based. The effective date may be prior to the Notice, provided the circumstances warranted such immediate action. The Notice shall be signed by the Court Executive Officer or designee. Notice of the time allowed for appeal and answer shall be stated in the Notice. A copy of the Notice shall be personally served on the employee or sent by certified mail to the employee's last known address. The original Notice shall be filed with the Director of Human Resources and shall be accompanied by information showing that the employee has been served either personally or by certified mail. An additional copy shall be provided to a representative who has appeared on behalf of the employee.

<u>Amendment or Withdrawal of Notice</u>

The Notice of suspension, demotion, reduction in salary step, or dismissal may be withdrawn by the Court Executive Officer at any time prior to final decision on appeal. A Notice may be amended by the Court Executive Officer or designee at any time prior to final decision on an appeal. If an amended Notice presents new causes for discipline, the employee shall be afforded all the procedural safeguards under "Notice of Proposed Action" above, prior to the discipline becoming effective. In addition, the employee shall be afforded a reasonable opportunity to prepare the defense thereto and must file an amended answer within ten (10) days of receipt of the Notice.

FLSA exempt employees covered by this Article who are disciplined by a suspension without pay shall only receive such suspension in increments of one workweek. Alternatively, an appointing authority may discipline an employee covered by this Article via a deduction of accrued leave time. The accrued leave time is limited to vacation, holiday, annual or administrative leave. Deductions of accrued leave time may be made in increments of less than one workweek. Any disciplinary action imposed under this Article is subject to appeal under the Personnel Plan Policies of the Superior Court of California, County of San Bernardino. Employees shall not be disciplined by a reduction in step.

Within ten (10) calendar days of receipt of the written investigative findings of the Court Executive Officer, SEIU may file an appeal on behalf of the complainant(s). The Court Executive Officer or designee and SEIU shall contact an arbitrator to establish a hearing date acceptable to both parties; provided, however, that the arbitrator must have demonstrated experience in the field of affirmative action and employment discrimination. The arbitration shall be conducted in accordance with Step 5 of Section 7 of this Article except for the following: The arbitrator may not order any monetary remedy which exceeds actual losses of pay and benefits suffered by complainant. The cost of an arbitrator's services shall be split equally between the Court and SEIU, including any cancellation fees if both parties are mutually responsible; otherwise, the party responsible shall pay the entire cancellation fee.

Section 10. Unfair Labor Practices/Unit Charges

Unfair labor practice charges will be handled according to the Public Employee Relations Board rules.

Section 11.  Equal Employment Opportunity Complaint Appeal Process

Employees have the ability to file complaints involving discriminatory employment practices as defined in the Court's Equal Employment Opportunity Policy.  Such complaints may be filed with the Court Executive Officer or the State Department of Fair Employment and Housing (DFEH) or the Federal Equal Employment Opportunity Commission (EEOC).  In the event the investigative findings of the Court Executive Officer or designee are not satisfactory to the complainant(s), the complainant or complainants represented by SEIU may file an appeal as described herein.  A complainant or complainants not represented by SEIU may use the appeal process described herein, but must assume one-half (1/2) of the costs of the appeal process, including any arbitrator's costs.

## ARTICLE 13.                    DISASTER SERVICE WORKERS

All employees covered by this Memorandum of Understanding are public employees, and, as such, are to serve as disaster service workers subject to such service activities as may be assigned to them by their superiors or by law, pursuant to Government Code Section 3100.

## ARTICLE 14.                    DUAL APPOINTMENTS

The appointment of two (2) full-time employees to the same budgeted regular position may be authorized by the Court Executive Officer to facilitate training, to make assignments to a position which is vacant due to extended authorized leave of absence, or in an emergency.  The most recently hired dual appointee shall enjoy all of the benefits of regular employees except regular status.  The most recently hired employee shall be notified in writing by the Court Executive Officer or designee and such notification will clearly define the benefits to which that employee is entitled.

## ARTICLE 15.                    ELECTRONIC FUND TRANSFER

Employees must make arrangements for the direct deposit of paychecks into the financial institution of their choice via electronic fund transfer.

## ARTICLE 16.                    EMPLOYEE RIGHTS

The following are employee rights:

(a)  The rights of employees to form, join, and participate in the activities of employee organizations of their own choosing for the purpose of representation on all matters of employer-employee relations.

(b)  The right of employees to refuse to join or participate in the activities of employee organizations and the right to represent themselves individually in their employment relations with the Court except as provided in the "Agency Shop" Article and in (e) below.

(c)  The right of employees to be free from interference, intimidation, restraint, coercion, discrimination, or reprisal on the part of an appointing authority, supervisor, other employees, or employee organizations as a result of their exercise of rights granted in this Article.

(d)  The right of SEIU, upon its request and prior to implementation, to discuss with Court Management any significant change in terms or conditions of employment which results in a significant impact on employees, except in emergencies.

(e) The SEIU shall be the sole, exclusive and fair representative of all Court employees represented by the Association in the Memorandum of Understanding and in all adjudicatory proceedings between the Court and represented employees. SEIU shall have the sole responsibility as to which matters are adjudicated on behalf of those represented employees and the cost of the same for employees not members of the Association. The only exceptions to the sole, exclusive and fair representation by SEIU are: (1) those instances of disciplinary action and its proceedings which are governed by the Personnel Plan Policies where such representation must be declined in writing by the employee(s) and where the employee may represent himself or herself as well as utilize external representation; and (2) those grievances brought under the Grievance Procedure Article where the individual elects in writing to exercise the right of self-representation, that is, the employee himself or herself represents his/her position before the arbitrator in accordance with the Grievance Article.

## ARTICLE 17.                    EMPLOYER PAYROLL SYSTEM

Employees should normally complete and submit their time reports within the prescribed time periods. The employee's supervisor may enter the employee's time in the employee's absence. The Human Resources Department shall make every effort to contact the employee regarding any correction of the time entered and explain the reasons for the change prior to submitting to the JCC for processing. If time does not allow for this procedure due to the JCC's deadline, the Human Resources Department shall notify the employee of the correction and that an adjustment will be made in a subsequent pay warrant. Unless otherwise provided in this Agreement, time shall be reported in increments of full fifteen (15) minutes actually worked for pay purposes.

The Court reserves the right to use other time accumulation devices. If errors result from the improper or unclear preparation of time reports by the employee, the employee shall hold the Court harmless for any delays in warrant processing.

## ARTICLE 18.                    EXPENSE REIMBURSEMENT

Employee shall be reimbursed for necessary expenses incurred on behalf of the Court. All expense reimbursements must be subject to Judicial Council of California's Guidelines.

## ARTICLE 19.                    EXTRA-HELP EMPLOYMENT

An extra-help appointment shall mean an appointment which is intended to be on less than a year-round basis, including, but not limited to the following: to cover seasonal peak workloads; emergency extra work loads of limited duration; necessary vacation, holiday or sick leave relief; and other situations involving a fluctuating staff.

Extra-help employees shall be compensated on an hourly basis only for hours actually worked unless otherwise provided for in this Agreement or required by law. Extra-help employees shall be eligible for step advancement based upon completed service hours and satisfactory service in accordance with the Article "Salary Rates and Step Advancements."

Under unusual circumstances and with the approval of the Court Executive Officer, an employee in a regular position may choose to work in an extra-help capacity for the Court and be compensated as such pursuant to this Article.

Extra-help employees shall participate in the PST Deferred Compensation Plan in lieu of participation in any other retirement plan, program, or benefit. Said employees shall contribute five percent (5%) of the employee's biweekly gross earnings and the Court shall contribute two and a half percent (2.5%) of employee's biweekly gross earnings. The employee's contributions to PST Deferred Compensation shall be automatically deducted from employee's earnings. Maximum total contributions shall be seven and a half percent (7.5%) of the employee's maximum covered wages for Social Security purposes. Employees shall

enroll in the Plan on forms approved by the Director of Human Resources. This paragraph shall not apply to any employee who is otherwise covered by the SBCERA. Retired employees of SBCERA working as "Extra Help Employees" will not participate in the PST Deferred Compensation Plan.

**ARTICLE 20.**             **FIT FOR DUTY**

The parties agree that physical and mental fitness of Court employees are reasonable requirements to perform the duties of the job and instill public confidence. Recognizing these important factors, the parties agree that during the term of this Agreement the Court with reasonable cause, may require medical and psychological assessments of employees provided the Court pays and provides time off without loss of pay for such assessments. All such assessments shall be done by appropriately qualified health care professionals.

Medical and psychological reports shall be released only to and only retained by the Director of Human Resources. The information in these reports shall only be released on a need-to-know basis, restricted to the purpose for which the examination was originally required, for the effective conduct of Court business.

Any remedial or treatment action shall be the full responsibility of the employee, except as otherwise provided by law or as may be provided through the Employee Assistance Program for Court employees.

**ARTICLE 21.**             **FULL UNDERSTANDING, MODIFICATION AND WAIVER**

The parties acknowledge that during the negotiations which resulted in this Agreement, each had the full right and adequate opportunity to make demands and proposals with respect to any subject or matter within the scope of representation and that the understandings arrived at after the exercise of that right are set forth in this Agreement. The express provisions of this Agreement for its duration, therefore constitute the complete and total contract between the Court and SEIU with respect to wages, hours, and other terms and conditions of employment. Any prior or existing Agreement between the parties, whether formal or informal, regarding any such matters are hereby superseded and terminated in their entirety. Therefore the Court and SEIU, for the life of this Agreement, each voluntarily waives the right to meet and confer with respect to any subject or matter referred to or covered in this Agreement.

**ARTICLE 22.**             **FURLOUGHS**

Each employee will be deducted one-hundred and eight (108) furlough hours, to be scheduled for use in the same manner as vacation, thus saving the Court's expense for base wage/salary for those days. Deductions for the value of the furlough days will be made beginning with the pay period 15 in 2014 and continuing through  pay period 14 in 2015. The amount to be deducted for each furlough days is 4.15 hours per pay period at the employee's base hourly pay rate.

To derive the hourly rate of FLSA exempt employees for purposes of the above calculations, the employee's annual salary will be divided by 2080.

Furlough days will be requested and scheduled using the normal vacation scheduling process. All furlough days must be taken off no later than December 31, 2015, or forfeited.

The vacation-accrual ceiling will be raised by fifteen (15) days for sixteen (16) months from and including December 31, 2015, after which the ceiling will return to its prior level.

**ARTICLE 23.**             **IMPLEMENTATION**

This Memorandum of Understanding constitutes a mutual agreement by all parties to be jointly submitted to the Court Judges Executive Committee for approval. It is agreed that this Memorandum of Understanding shall not be binding upon the parties either in whole or in part unless and until approved by the Court Judges

Executive Committee and subject to subsequent approval by the Judges Full Bench in accordance with Local Rule of Court 234.

Any changes to this agreement which do not have specific effective dates become effective on the date of Court Executive Committee approval.

**ARTICLE 24.**          **JOB SHARING**

Whenever possible, job-sharing will be encouraged to minimize the impact of a layoff. Jobs may be shared on an hourly or daily basis provided that the hours shared total eighty (80) hours per pay period. If each employee is scheduled to work forty (40) hours per pay period, each shall receive one-half (1/2) of the benefits under Article 10: Benefit Plan and Article 53: Retirement System Contributions. Employees who are scheduled through their job share contract to work less than forty (40) hours per pay period shall receive one-half (1/2) of the benefits under Article 10: Benefit Plan but will not be eligible to receive benefits under Article 53: Retirement System Contributions. Employees shall be eligible for pro-rata leave accruals according to the Memorandum of Understanding provisions based upon the number of hours scheduled through their job share contract. Each employee shall be notified in writing by the Court Executive Officer or designee at the time of the appointment, and such notification will clearly define the benefits to which each employee is entitled.

OFFICIAL COURT REPORTER UNIT

If the job-share is at the request of the employees only, at the expiration of a job-share contract, the employee with the most hours worked for the Court shall retain the full-time position. The other employee shall be given a transfer to a vacant position of the same classification. The Court is not required to create a position. If there are no vacant positions available, the employee with the fewest hours worked for the Court may not bump any other positions. If both employees have the same total hours worked for the Court, the decision as to who retains the full-time position shall be determined at the discretion of the Court Executive Officer.

SUPPORT SERVICES UNIT

If the job-share is at the request of the employees only, at the expiration of a job-share contract, the employee with the most seniority shall retain the full-time position. The other employee shall be given a transfer to a vacant position of the same classification. The Court is not required to create a position. If there are no vacant positions available, the less senior employee may not bump any other positions. If both employees have the same seniority date, the decision as to who retains the full-time position shall be determined at the discretion of the Court Executive Officer.

**ALL UNITS**

If the job-share is the result of accommodation in lieu of lay-offs, seniority shall determine bumping at the expiration of the contract. Prior to opening recruitment for the affected classification, the job-share employees would have the option to return to full-time status during the term of the job-share contract. Such option shall be offered in seniority order. At the expiration of a job-share contract, the employee with the most seniority shall retain the full-time position. The less senior employee shall be given a transfer to a vacant position of the same classification or retain their bumping rights. Employees entering into job-share agreements as the result of accommodation in lieu of lay-offs shall be scheduled to work forty (40) hours per pay period.

**ARTICLE 25.**          **LABOR-MANAGEMENT COMMITTEE**

The parties recognize that delivery of public services in the most efficient and effective manner is of paramount importance and interest to the Court and SEIU. Maximized productivity is recognized to be a mutual obligation of both parties within their respective roles and responsibilities.

To this end, the parties agree that Labor-Management Committees comprised of equal numbers of management and employees shall be created as necessary to address issues which affect the efficient and effective delivery of public services. The purpose of such committee shall be to:

(a) review and provide input on proposed departmental policies and procedures;

(b) develop, review, and prioritize work simplification-project proposals;

(c) develop and review solutions to specific program problems.

The parties shall designate their members and chairpersons to serve on their own respective committees. Meetings will be held quarterly or more often upon mutual agreement of both parties to carry out the functions of the Labor-Management Committee. The Labor-Management Committee will establish reasonable time frames for the accomplishment of its duties.

Recommendations of the Labor-Management Committee will be arrived at by consensus and shall be submitted in writing to the Court Executive Officer for final action. The Labor-Management Committee shall not have any right or authority to abrogate representation rights of SEIU or Court Management Rights.

The Court shall meet with affected employees for input in the design of new or remodeled work stations through the Labor-Management Committee.

The Court shall maintain an Official Court Reporter Labor-Management Committee to address a variety of issues including but not limited to access to the Court's current Legal Research Archival Program (such as LexisNexis or YesLaw), read-back time and other transcription issues.

**ARTICLE 26.**            **LAYOFF**

Section 1.    General Provisions

Definition. A layoff is the involuntary separation or reduction of a regular employee to a position in a lower classification without fault of the employee. Layoff applies only to regular positions. A layoff occurs only when there is a surplus of employees, a position is to be deleted from the authorized table of organization, or when funds are withdrawn from a previously funded position.

Section 2.    Alternatives to Layoff

In the event the Court anticipates layoffs, the Court will meet with the Union to consider alternatives to layoffs.

Section 3.    Notification

Whenever the Court Executive Officer believes that a layoff will be necessary, a layoff plan shall be prepared. The layoff plan shall include the anticipated number, classification, and position number of employees to be laid off and seniority list by classification of all affected employees. The SEIU shall be provided with a copy of the layoff plan immediately upon approval by the Court Executive Committee. Once such a plan is approved, affected employees shall be entitled to thirty (30) calendar day's notification prior to lay off.

When the Court determines it is necessary to lay off employees and a lay-off list of affected classification(s) has been established, an employee with more seniority in the affected classification(s) may request a voluntary lay-off in lieu of an employee with less seniority. An employee who is approved

for a voluntary lay-off shall be afforded the same re-employment rights, as involuntary laid-off employees.

Section 4.   Order of Layoff

Layoffs shall be made by classification.

(a) Layoffs among regular employees shall be made on the basis of seniority determined by the employee's current beginning (hire) date of continuous service in a regular position with the Court. For employees hired by the Court prior to January 1, 2001, seniority is determined by the employee hire date with either the Court or the County of San Bernardino for continuous and contiguous service.   In the event that two (2) or more employees are hired in the same classification on the same date, the order of seniority is determined by lot at the time of hire. Employees who have been promoted/demoted who share the same seniority date within the new classification shall have their order of seniority determined by lot at the time of layoff.   The posted seniority lists do not necessarily reflect the seniority order in the event of layoff.

(b) Before any reduction in the work force of regular employees occurs, the Court shall lay off nonregular employees in the affected classifications according to the following order by total number of positions to be eliminated:

1. Contract employees who are performing the work of SEIU- represented classifications
2. Extra-Help
3. Probationary

For purposes of layoff, trainees, most recently hired dual appointments, and substitutes shall be treated the same as probationary employees.

(c) Probationary employees and employees on Assignment to Vacant Higher Position, who have regular status in another classification, shall be returned to their former classification where they will be subject to layoff under provisions applicable to other employees in that classification. Underfills shall have layoff rights in the underfill classification.

(d) When a classification has a dual concept or multiple options including extended range, the Court Executive Officer may authorize layoffs by specialty or option within the classification.

(e) If a regular employee to be separated has attained regular status in another classification, reduction in classification (bumping) shall be approved.  For purposes of bumping, the number of positions filled by the least senior employees in the affected classification(s) equal to the number of positions being deleted from the classification shall be identified.  Additionally, all vacant positions in the affected classification shall be made available to the affected employees.  This collective group of positions shall then be subject to the bumping process.

(f) In the event of multiple layoffs, the most senior to exercise bumping rights has the option of bumping amongst the available least senior positions, to the location of their choice.

(g) Regular employees whose positions have been deleted shall be allowed to exercise their options, based on seniority, to select either a vacant position, or if none exists, to bump into the position filled with the least senior employee within their current classification. An employee who elects not to bump into any position within the collective group of vacant and filled positions, thereby retaining his/her existing classification, shall be provided the opportunity to select from those options identified in (i) of this Article.

(h) Reductions in classification shall only be approved when the employee has previously held regular status in another classification and has seniority over identified employees in the other classification. Reductions in classification shall first be made to the other classification in which the employee has regular status. The employee being reduced may only replace the least senior employee, or be placed in a vacant position, in the classification identified pursuant to (e) above. The junior employee being bumped will be separated or reduced in classification. If the employee does not have seniority in the classification, to which the eligible employee is first considered for reduction, reduction shall then be made to the next classification in which the employee has regular status. This procedure shall continue until all reductions in classification and the ultimate separations are completed.

(i) Employees in unclassified positions do not have a right to bump employees in classified positions. A classified employee may refuse to bump into an unclassified position without waiving the right to bump a more junior employee in the same or lower classification.

(j) If bumping results in an assignment which the employee considers to be undesirable, such employee may request:

　　　(1) a voluntary demotion to a vacant position;

　　　(2) a leave of absence with right to return to work; or

　　　(3) a leave of absence without right to return to work, but placement on an eligible list.

Any of these options require the approval of the Court Executive Officer or designee.

Section 5.    Exception to Order of Layoff

Whenever the Court Executive Officer determines that the best interest of the service requires the retention of an employee with special qualifications, characteristics, and fitness for the work, such employee will be exempted from the bumping procedures. SEIU shall be immediately informed in writing of this determination.

Section 6.    Employee Rights while on Layoff

(a) During the first two (2) years following a layoff, laid-off regular employees shall be assured the right of appointment to a vacant position in the same or equivalent classification to the one in which the employee has previously held regular status. If a laid-off regular employee refuses two (2) offers of reinstatement from his or her designated location(s) or district(s), the employee's name will be removed from the recall list.

(b) An employee may waive their right to reinstatement for positions at a location/district that he or she has designated at time of layoff. The request [designated location(s) or district(s)] shall be made in writing and submitted to human resources at time of layoff.

(c) During the two (2) year period, an employee may add or remove a location/district by submitting the request in writing to Human Resources. Approval of such requests only entails placement on the list and does not guarantee employment or carry any bumping privileges. Placement on the eligible list shall be made pursuant to the provisions for requalification contained in the Personnel Plan Policies.

Section 7.    Retraining

The Court will make reasonable efforts to provide retraining opportunities to laid-off employees that will qualify them in classifications, not related to their former classification, and will attempt to place said laid-off employees in vacant positions in the Court for which they are qualified.

## ARTICLE 27.                    LEAVE PROVISIONS

Section 1.   Sick Leave

(a) Definition.  Sick leave with pay is an insurance or protection provided by the Court to be granted in circumstances of adversity to promote the health of the individual employee.  It is not an earned right to time off from work.  Sick leave is defined to mean the authorized absence from duty of an employee because of physical or mental illness, injury, pregnancy, confirmed exposure to a serious contagious disease or for a medical, optical, or dental appointment.

(b) Definition - Immediate Family.  Immediate family is defined as spouse, registered domestic partner, child, grandchild, mother, father, grandparents, brother, sister, mother-in-law, father-in-law, daughter-in-law, son-in-law, brother-in-law, sister-in-law, aunt, uncle, niece, nephew, foster child, ward of the court, or any step relations as defined herein.

(c) Usage - Family Sick Leave.  An unlimited amount of earned sick leave per calendar year may be used for attendance upon the members of the employee's immediate family who require the attention of the employee.  Sick leave usage may be extended for care of a domestic partner to the same extent as provided in an Agreement between SEIU and the Court.   .

A maximum of forty (40) hours earned sick leave may be used per occurrence for arrival of an adoptive child at the employee's home.  An employee (father) may utilize on an annual basis no more than forty (40) hours of accumulated sick leave per calendar year for the birth of his child. The Court acknowledges that the employee may be eligible for leave as defined in the provisions of the Family Medical Leave Act and California Family Rights Act.

(d) Accumulation.  Employees in regular positions shall accrue sick leave for each payroll period completed, prorated on the basis of 3.39 hours per pay period    Earned sick leave shall be available for use the first day following the payroll period in which it is    earned.  There shall be no limit on sick leave accumulation.

The minimum charge against accumulated sick leave shall be fifteen (15) minutes.  Employees in regular positions paid less than eighty (80) hours per pay period or job-shared positions shall receive sick leave accumulation on a pro rata basis.

(e) Compensation.  Approved sick leave with pay shall be compensated at the employee's base rate of pay, except as otherwise provided in this Agreement.

(f) Administration.

(1) Investigation.  It shall be the responsibility and duty of each Manager to investigate each request for sick leave and to allow sick leave with pay where the application is determined to be proper and fitting, subject to approval of the Director of Human Resources.

(2) Notice of Sickness.  The Manager or designee must be notified within one-half (1/2) hour after the start of the employee's scheduled tour of duty of a sickness on the first day of absence.

It is the responsibility of the employee to keep the  Manager or designee informed as to continued absence beyond the first day for reasons due to sickness or occupational disability.  Failure to make such notification shall result in denial of sick leave with pay.

It is the responsibility of the employee who has been absent for ten (10) or more consecutive days, except for employees who are returning to work after childbirth with no job modification requirements, to obtain written notice from his/her medical provider of the authorization to return to work with or without job modification. To ensure all necessary and relevant medical information is provided, the Court shall make available forms to be completed by the medical provider. It is the responsibility of the employee to provide verbal notice to the Director of Human Resources or designee immediately upon receipt of their medical provider's authorization to return to work. Such notice must be provided at least five (5) working days prior to reporting to work or upon receipt of notice by the employee.

(3)  Review.  The Director of Human Resources may review and determine the justification of any request for sick leave with pay and may, in the interest of the Court, require a medical report by a doctor to support a claim for sick leave pay.

(4)  Proof.  If the Manager or designee has reason to believe the employee is not using sick leave as defined, then a doctor's certificate or other adequate proof shall be provided by the employee in all cases of absence due to illness when requested by the Court Executive Officer or designee.

(5)  Improper Use.  Evidence substantiating the use of sick leave for willful injury, gross negligence, intemperance, trivial indispositions, instances of misrepresentation, or violation of the rules defined herein will result in denial of sick leave with pay and shall be construed as grounds for disciplinary action including termination.

(g)  Workers' Compensation.  Employees shall receive up to a maximum of twenty-four (24) hours of pay for the first three (3) days following a work-related injury when a doctor has determined that the employee is unable to return to work and has been considered Temporarily Totally Disabled (TTD) as partial replacement of their income through this benefit. Employees on this leave may choose to fully integrate, partially integrate, or not integrate personal leave with the workers compensation payment. The maximum amount the employee receives from integrating leave time with workers compenasation shall not exceed 100% of the employee's base salary.

(h)  Separation.  Unused sick leave shall not be payable upon separation of the employee, except as provided in paragraph (i).

(i)  Sick Leave Conversion.  Employees, who hold regular positions in the Court service and are currently members of the SBCERA, shall receive compensation in accordance with the following.

After ten (10) years of continuous service from date of hire in a regular position and upon retirement, death, or separation, an employee or the estate of a deceased employee will be paid for unused sick leave balances according to the following formula.

| Sick Leave Balance as of Date of Separation | Cash Payment % of Hours of Sick Leave Balance |
|---|---|
| 480 Hours or less | 35% |
| 481 to 600  Hours | 40% |
| 601 to 720  Hours | 45% |
| 721 to 840  Hours | 50% |
| 841 to 1000 Hours | 55% |

Employees who receive a disability retirement due to permanent incapacity to work shall be entitled to one hundred percent (100%) cash payment of any unused sick leave balances, computed at their then current base hourly rate, if they elect an early retirement in lieu of exhausting such accrued sick leave

balances.   In no event shall any employee, except those receiving a disability retirement, receive compensation under this section in excess of five hundred and fifty (550) hours pay computed at the then current base hourly rate of said employee.

(j)  Perfect Attendance.   Employees in regular, full-time positions who do not utilize any sick leave, occupational leave or unpaid leave in the preceding calendar year shall receive a one-year paid membership in a Court-approved health facility or utilization of perfect attendance leave.   Part-time employees should receive pro rata benefits with a minimum of forty (40) hours worked per pay period under this Article.   The paid health facility membership shall not exceed the cost of a one (1) year paid membership at the San Bernardino YMCA.  In lieu of a Court-approved health facility membership, the employee has the option of utilizing sixteen (16) hours of perfect attendance leave, no cash-out provision, within the time frame of the subsequent calendar year.   Failure to utilize perfect attendance leave within the subsequent calendar year shall result in forfeiture of the same.

(k)  Vacation Conversion Option.   Annually, employees who have used less than forty (40) hours of sick leave in a calendar year may, at the employee's option, convert sick leave to vacation leave by the following formula:  Hours of sick leave used are subtracted from forty (40).   Sixty percent (60%) of the remainder, or a portion thereof, may be added to vacation leave to be utilized in the same manner as other accrued vacation leave.   To convert sick leave to vacation leave an employee must make an irrevocable election during the month of January specifying the number of converted sick-leave hours to be converted to vacation hours.

| Sick-Leave Hours Used | Hours to be Converted | Vacation |
|---|---|---|
| 0 | 40 | 24.0 |
| 8 | 32 | 19.2 |
| 16 | 24 | 14.4 |
| 24 | 16 | 9.6 |
| 32 | 8 | 4.8 |
| 40 | 0 | 0.0 |

Section 2.   Vacation Leave

(a)  Definition.   Vacation is a right, earned as a condition of employment, to a leave of absence with pay for the recreation and well-being of the employee.   If an employee has exhausted sick leave, vacation leave may be used for sick leave purposes upon a special request of the employee and with the approval of the Court Executive Officer or designee.

(b)  Accumulation.   Employees in regular positions shall accrue, on a pro rata basis, vacation leave for completed pay periods.   Employees in regular positions paid less than eighty (80) hours per pay period or job-shared positions shall receive vacation leave accumulation on a pro rata basis; provided, however, that there shall be no proration of the maximum accumulations.

For employees in the SUPPORT SERVICES UNITS, such vacation allowance shall be available for use on the first day following the pay period in which it is earned.   The Court will calculate accruals for all existing employees serving their initial probationary hire to credit each employee's leave bank with the correct balance for immediate use.

| Length of Service From Benefit Date | Annual Vacation Allowance | Maximum Allowed Unused Balance |
|---|---|---|
| After 1600 and through 8320 service hours | 80 Hours | 160 Hours |
| Over 8320 and through 18,720 service hours | 120 Hours | 240 Hours |
| Over 18,720 service hours | 160 Hours | 320 Hours |

Effective pay period one of each year, employees in the Official Court Reporter Unit will be credited with one hundred and sixty (160) hours of vacation leave for immediate use. Official Court Reporters who are hired after the beginning of pay period one (1) shall be credited with vacation hours on a pro rata basis. Official Court Reporters on an approved leave of absence in pay period one (1) will be credited with one hundred and sixty (160) hours of vacation upon return from leave. Official Court Reporters who terminate after the beginning of pay period one (1) shall reimburse the Court for vacation time used in excess of the pro rata amount earned while employed during the year. Amounts reimbursable may be deducted from Court Reporter compensation which is payable after notice is given by the Court Reporter of termination. Official Court Reporters in regular positions budgeted less than eighty (80) hours per pay period or in job-share positions shall receive accumulation on a pro rata basis.

| Length of Service From Benefit Date | Annual Vacation Allowance | Maximum Allowed Unused Balance | Official Court Reporter Allowance | Maximum Allowed Unused Balance |
|---|---|---|---|---|
| After 1040 and through 8320 service hours | 80 Hours | 160 Hours | 160 Hours | 320 Hours |
| Over 8320 and through 18,720 service hours | 120 Hours | 240 Hours | 160 Hours | 320 Hours |
| Over 18,720 service hours | 160 Hours | 320 Hours | 160 Hours | 320 Hours |

(c)   Administration.

(1) Scheduling.  Vacation periods should be taken annually with the approval of the appointing authority at such time as will not impair the work schedule or efficiency of the Court but with consideration given to the well-being of the employee. No employee shall lose earned vacation leave time because of work urgency. If an employee has reached the maximum allowed unused balance and is unable to take a vacation leave, the Court Executive Officer or designee will notify the TCAS of the situation and approve a waiver of the maximum allowed unused balance for a period not to exceed one (1), thirteen (13) pay period waiver per calendar year.

Written request for vacation leave shall receive a written response from the Supervisor, Manager or designee within two (2) weeks of submission. In instances where a vacation leave request has received written, advance approval and is rescinded due to work urgency by the supervisor, that decision may be appealed to the Court Executive Officer or designee for an immediate review. In those instances where a financial hardship would occur because pre-approval resulted in prepayment by the employee, a vacation would only be canceled under the most extreme work emergency.

(2) Minimum Charge.  The minimum charge for Support Services against accumulated vacation leave shall be fifteen (15) minutes.  Vacation leave shall be compensated at the employee's base rate of pay, except as otherwise provided in this Agreement.

For Court Reporters vacation shall be in fifteen (15) minute increments.  However, for vacation hours taken prior to noon when a pro tem must be hired to replace the Court Reporter, the Court Reporter must take vacation in four (4) hour increments.

(3) Holiday During Vacation.  When a fixed holiday falls within a vacation period, the holiday time shall not be charged against an employee's earned vacation benefits.

(4) Vacation Leave and Termination Date.  Employees not planning to return to Court employment at the expiration of a vacation leave, except those retiring, shall be compensated in a lump sum payment for accrued vacation and shall not be carried on the payroll.  Retiring employees may elect to use vacation leave to enhance retirement benefits or to be compensated in a lump sum payment for accrued vacation leave.

(d) Prior Service.  Employees in regular positions, who have been employed by a public jurisdiction in a comparable position for at least five (5) years or a position which has prepared such employees for an assignment to a position in the Support Services or Court Reporter Unit, may receive credit for such previous experience in the former agency(s) in determining their vacation accrual rate.  If approved, years of service will be rounded down to the nearest five (5) year increment for the purposes of this Article.  Such determination as to the comparability of previous experience and amount of credit to be granted rests solely with the Court Executive Officer or designee.  Employees shall request consideration for prior service credit within thirty (30) calendar days of receipt of written notice of this provision from the Court.

Section 3.   Holiday Leave

(a)  Fixed Holidays.  All employees in regular positions will be entitled to the following holidays:

| | |
|---|---|
| New Year's Day - January 1st | Labor Day - First Monday in September |
| Martin Luther King Jr. Birthday -Third Monday in January | Columbus Day - Second Monday in October |
| Lincoln Birthday - February 12th | Veteran's Day – November 11th |
| President's Day - Third Monday in February | Thanksgiving Day- Last Thursday in November |
| Cesar Chavez Day - March 31st | Day after Thanksgiving |
| Memorial Day - Last Monday in May | Christmas Day – December 25th |
| Independence Day - July 4th | |

When a judicial holiday specified by the Code of Civil Procedure Section 135 falls on a Sunday, the following Monday shall be the observed holiday.  When a judicial holiday specified by the Code of Civil Procedure Section 135 falls on a Saturday, the preceding Friday shall be observed as the holiday.

(b)  Floating Holidays.  Employees assigned to regular positions shall be entitled to a total of sixteen (16) hours of holiday time which shall be accrued during pay period twenty-six (26) provided the employee has not separated prior to the end of the pay period or is not on extended unpaid leave for the pay period.

(c) Eligibility for Holiday Pay.  To receive holiday pay for a fixed holiday, employees must be on the payroll during the entire pay period during which such fixed holiday fell.  "Entire pay period" shall mean that an employee must have been hired prior to or at the start of the pay period and not have separated prior to the end of the pay period and was paid for at least one-half (1/2) of the accountable hours and was on approved leave for any unpaid hours.  Any request for sick leave in conjunction with a fixed holiday must be supported by a doctor's certificate, if requested by the supervisor at the time of employee's notification.

(d) Holiday During Vacation.  When a fixed holiday falls within a vacation period, the holiday time shall not be charged against an employee's earned vacation benefits.

(e) Working on a Holiday.  Whenever an employee is required to work on a fixed holiday or the fixed holiday falls on an employee's regularly scheduled day off, the employee shall accrue, on an hour for hour basis, up to a total of eight (8) hours floating holiday time.  At the request of the employee, and with approval of the Manager or designee, straight time payment can be made in lieu of accrual provided such compensation is approved during the pay period in which it is worked.

(f) Weekend Holidays.  When a judicial holiday specified by Code of Civil Procedure Section 135 falls on a Saturday, the preceding Friday will be observed as the holiday.  When a judicial holiday falls on a Sunday, the following Monday will be observed as the holiday.

(g) Holiday Time Accrual. Upon retirement, layoff or termination, employees shall be compensated for any unused accrued holiday time at the then-current base rate equivalency.

Section 4.   Compulsory Leave

If, in the opinion of the Director of Human Resources or designee, employees are unable to perform the duties of their position for physical or psychological reasons, an examination may be required by a physician or other competent authority designated by the Director of Human Resources or designee.  If the examination report shows the employee to be in an unfit condition to perform the duties required of the position, the Director of Human Resources or designee shall have the right to compel such employee to take sufficient leave of absence with or without pay, to transfer to another position without reduction in compensation, and/or follow a prescribed treatment regimen until medically qualified to return to unrestricted duty.

Section 5.   Military Leave

The Court will adhere to the California Military and Veterans Code Section 395 et. seq., and any amendment thereto, and the federal Uniformed Services Employment and Reemployment Rights Act of 1994.  In addition, a Court employee may be entitled to the following rights:

(1) Any employee employed by the Court for one (1) year immediately prior to the date of such military leave shall be entitled to receive their regular salary or compensation for the first thirty (30) calendar days of any such temporary leave.  Pay for such purposes shall not exceed thirty (30) calendar days in any one (1) fiscal year and shall be paid only for the employee's regularly scheduled workdays.  The compensation does not include an employee's attendance at weekend reserve meetings.

(2) Extension of benefits may be eligible to employees who are called to active duty as a result of military activation. The Court shall pay the difference between their base Court salary and their military salary starting on the 31st calendar day of military leave not to exceed 100% of the employees' base Court salary.  This extension of benefits must be approved by the Court Executive Officer.

Section 6.    Political Leave

Any employee who is a declared candidate for public office shall have the right to a leave of absence without pay for a reasonable period to campaign for the election. Such leave is subject to the conditions governing special leaves of absence without pay contained herein.

Section 7.    Special Leaves of Absence Without Pay

(a)  General Provisions.

A special leave of absence without pay may be granted to an employee who:

(1)  Is medically incapacitated to perform the duties of the position.

(2)  Desires to engage in a relevant course of study which will enhance the employee's value to the Court.

(3)  Takes a leave of absence pursuant to the federal Family Medical Leave Act, the California Family Rights Act, Pregnancy Disability Leave provisions under the Fair Employment and Housing Act (FEHA), and/or Section 395.10 of the California Military and Veterans Code.

(4)  For any reason considered appropriate by the Court Executive Officer or designee.

(b)  Types of Leaves of Absence.

There are four (4) types of leaves of absence. All requests must be in writing and require the approval of the Manager and the Director of Human Resources. Upon request, the Director of Human Resources or designee may grant successive leaves of absence. All benefits shall be administered in accordance with the appropriate article of the Memorandum of Understanding. At the Court's discretion, employees may use available paid leave time whenever a leave of absence is approved.

(1)  Leaves of absence with right to return.

Leaves of absence with right to return may be granted to employees in regular positions for a period not exceeding one (1) year. The employee remains in his/her position.

(2)  Family leave.

Leaves of absence will be granted in accordance with the federal Family Medical Leave Act (FMLA), the California Family Rights Act (CFRA) and/or Pregnancy Disability Leave (PDL) provision under the Fair Employment and Housing Act (FEHA). This leave can be concurrent with use of paid leave or leave of absence without pay with right to return.

An employee on an approved leave of absence without pay under this provision will continue to receive the benefits outlined in the Benefit Plan article of this agreement for a period of six (6) pay periods. Certification from a health care provider is required for all instances of medical leave under this provision. Employees are required to inform supervisors of the need for leave at least thirty (30) days before commencement where possible.

In instances where the leave is for the birth or placement of a child and both husband and wife are Court employees, both employees are limited to a total of twelve (12) weeks between them.

(3)  Leaves of absence without right to return

(a) Definition. Leaves of absence without right to return may be granted to employees with regular status for a period not exceeding one (1) year. Employees without right to return shall be removed from their position. All leave benefits shall be administered as if the employee has been terminated; retirement contributions shall remain in the system and cannot be requested for distribution until the expiration of the leave. The employee shall be eligible to purchase medical benefits pursuant to the federal Consolidated Omnibus Reconciliation Act of 1985 (COBRA).

(b) Benefits upon rehire

An employee who is re-employed within ninety (90) days after the expiration of the leave of absence without right to return shall retain the following benefits:

- hire date;

- benefit date for purposes of leave accruals and step advances; except that the benefit date will be advanced for the period of time the employee is on leave of absence without right to return;

- any sick leave accruals that had not been cashed out will be restored;

To be re-employed and retain the above benefits, the employee must be appointed to a position no later than ninety (90) calendar days after the date of expiration of the leave of absence. The ninety (90) days shall run concurrently with the first ninety (90) days of the one hundred eighty (180) day period provided in the Article on Re-employment.

(c) Rehire Process

An employee may be re-employed in the same geographic location in the classification from which the employee took the leave of absence with the approval of the Court Executive Officer and the Director of Human Resources. Alternatively, the employee must apply through the Human Resources Department by the last day of the leave of absence. The employee will be placed on the eligible list for the classification from which he/she took the leave of absence without examination. Placement on the eligible list will be administered in accordance with the requalification provisions of the Personnel Plan Policies. The employee shall be required to serve a new probationary period. The Director of Human Resources or designee has the discretion to waive the requirement to serve a new probationary period.

(4) Medical leave of absence

(a) Definition. A medical leave of absence of up to one (1) year may be granted to employees with regular status who suffer from catastrophic illness or serious mental illness. Such leave of absence will be granted only after FMLA, CFRA and/or PDL have been exhausted. The employee is responsible for providing documentation from a qualified health practitioner prior to approval. The Court retains the right to request medical documentation regarding the employee's continued incapacity to return to work.

The employee will be removed from his/her position so that the department may fill behind the employee. All leave benefits shall be administered as if the employee has been terminated; retirement contributions shall remain in the system and cannot be requested for distribution until the expiration of the leave. The employee shall be eligible to purchase medical benefits pursuant to the federal Consolidated Omnibus Reconciliation Act of 1985 (COBRA).

Upon the employee's ability to return to work or the expiration of the leave of absence, whichever comes first, the employee will have the right to return to the classification within the Court from which he/she took a leave of absence when a funded vacancy for which the employee meets the qualifications is available. If the employee does not return to work by the expiration date of the leave, or the soonest date after that for which the Court has a vacancy, the employee relinquishes the right to return. The employee will serve a new probationary period with no right to return to former classification.

(b) Upon return from a medical leave of absence, the employee shall retain the benefits described under section 3(b) above.

Section 8.   Jury Duty Leave

Employees in regular positions who are ordered/summoned to serve jury duty including Federal Grand Jury duty shall be entitled to base pay for those hours of absence from work, provided the employee waives fees for service, other than mileage. Such employees will further be required to deliver a "Jury Duty Certification" form at the end of the required jury duty to verify such service. Employees required to serve on a jury must report to work before and after jury duty provided there is an opportunity for at least one (1) hour of actual work time. Employees volunteering to serve on a Grand Jury shall be granted a leave of absence without pay to perform the duties of a member of the Grand Jury, in the same manner as provided in Section 7 of this Article.

Section 9.   Examination Time

Employees having regular status in regular positions at the time of application shall be entitled to a reasonable amount of time off with pay for the purpose of taking Court promotional examinations or for selection interviews. Employees are responsible for notifying and obtaining approval from their immediate supervisor prior to taking such leave. Examination time off shall not be charged against any accumulated leave balances and shall be compensated at the employee's base hourly rate. Employees having probationary status, including those who have previously held regular status in another classification, are not entitled to examination time off with pay.

Section 10.   Witness Leave

Employees in regular positions shall be entitled to a leave of absence from work when subpoenaed to testify as a witness, such subpoena being properly issued by a court, agency, or commission legally empowered to subpoena witnesses. This benefit shall not apply in any case in which the subpoenaed employee is a party to the action or the subpoena has arisen out of the employee's scope of employment. Witness leave shall not be charged against any accumulated leave balances and shall be compensated at the employee's base hourly rate. This benefit will be paid only if the employee has demanded witness fees at the time of service of the subpoena and such fees are turned over to the Court.

Section 11.   Blood Donations

Employees in regular positions, who donate blood without receiving compensation for such donation, may have up to two (2) hours off with pay with prior approval of the immediate supervisor for each such donation. This benefit shall not be charged to any accumulated leave; provided, however, if the employee is unable to work any time in excess of two (2) hours may be charged to accumulated sick leave or be taken as leave without pay. Evidence of each donation must be presented to the supervisor to receive this benefit.

Employees in regular positions who are apheresis donors may have up to four (4) hours off with pay with prior approval of the immediate supervisor for each such donation, provided no compensation is received for such donation. This benefit shall not be charged to any accumulated leave; provided, however, if the employee is unable to work any time in excess of four (4) hours may be charged to accumulated sick leave

or be taken as leave without pay. Evidence of each apheresis donation must be presented to the supervisor to receive this benefit.

Section 12.   Service Date

Employee service date is the first day of the pay period in which the employee begins work.

Section 13.   Bereavement Leave

(a) All employees are eligible to receive a maximum of thirty-two (32) hours of paid leave per occurrence for bereavement due to the death of persons in the immediate family as defined in Section 1(b) of Article 30, or any relative living with the employee.

(b) All employees may, in addition to the thirty-two (32) hours of Bereavement Leave, use up to sixteen (16) hours of sick leave in conjunction with Bereavement Leave.

Section 14.   Leave-Buy-Back

The Court, at its discretion and subject to a determination of the availability of funding, shall establish a voluntary leave-buy-back program that would allow employees to request to sell a portion of their accumulated leave credits back to the Court. Based upon a determination of the sufficiency of available funding for this purpose, the Court may fund all, a part, or none of the requested leave amounts.

Leave banks subject to buy-back include vacation leave, compensating time off (CTO) and floating holidays.

In no event may an employee deplete his/her vacation balance below forty (40) hours.

**ARTICLE 28.**                **LIFE INSURANCE**

Approximately sixty (60) days after ratification of this contract, the Court agrees to pay the premium for a term life insurance policy for each eligible employee in the amount of $25,000. Effective, July 1, 2017, the Court will increase the amount to $35,000. This benefit shall only apply to employees who have been appointed to a regular position budgeted for more than forty (40) hours per pay period.

The Court further agrees to make available to each employee a group term life insurance program wherein the employee may purchase, through payroll deductions, term life insurance in amounts equivalent to one time or two times the employee's annual gross earnings.

The Court agrees to provide these benefits subject to carrier requirements. Selection of the insurance provider(s) and the method of computing premiums shall be within the sole discretion of the Court.

New employees shall become eligible to participate in these programs on the start of the pay period following completion of one thousand forty (1040) hours of satisfactory performance.

Note: All persons eligible for the foregoing program of insurance will be covered for the insurance on the date the insurance becomes effective, or in the case where the employee is absent on the date the insurance becomes effective because of illness, the insurance will commence on the date of return to work.

**ARTICLE 29.**                **MEAL PERIODS**

Meal periods are non-paid and nonworking time and shall not be less than one-half (1/2) hour, or greater than one (1) hour when scheduled. Every effort will be made to schedule such meal period during the middle of the shift when possible.

**ARTICLE 30.**               **MANAGEMENT RIGHTS**

All management rights and functions shall remain vested exclusively with the Court except those which are clearly and expressly limited in this Agreement. It is recognized merely by way of illustration that such management rights and functions include but are not limited to:

(a) The right to determine the mission of the Court.

(b) The right of full and exclusive control of the management of the Court; supervision of all operations; determination of the methods and means of performing any and all work; and composition, assignment, direction, location, and determination of the size and mission of the work force.

(c) The right to determine the work to be done by the employees, including establishment of levels of service and staffing patterns.

(d) The right to change or introduce new or improved operations, methods, means or facilities; or, to contract for work to be done; provided, however, that the parties shall meet and discuss the impacts of any contract proposed to be awarded which would contract for services currently being provided by Unit employees.

(e) The right to prescribe qualifications for employment and determine whether they are met; to hire, set and enforce performance standards, and promote employees; to establish, revise and enforce work rules; to schedule work time and time off; to transfer, reassign, and lay off employees; to suspend, reduce in step, demote, discharge or otherwise discipline employees for cause; and to otherwise maintain orderly, effective, and efficient operations.

**ARTICLE 31.**               **MERIT ADVANCEMENTS**

Section 1.

The Work Performance Evaluation for a regular status employee shall be completed by the employee's immediate supervisor within six (6) pay periods prior to the employee's step advance due date for an employee not receiving the top step of their salary range. To receive the step advancement, the employee must be evaluated overall on the Work Performance Evaluation as "Meets Job Standards" or "Exceeds Job Standards." The employee's immediate supervisor shall notify the employee in writing of inadequate work performance no less than three (3) pay periods prior to the employee's receipt of the work performance evaluation. The regular status employee evaluated overall as not meeting job standards, shall not receive the step advance, except as provided herein. If an employee does not receive a Work Performance Evaluation by his/her step-advance due date, said employee shall be granted his/her step advance on his or her due date. The nonissuance of a Work Performance Evaluation shall not be equivalent to receiving a rating of "Meets Job Standards."

Section 2.

If an employee receives an overall "Unsatisfactory" or "Below Job Standards" evaluation, the employee's step advance may not be granted on the date due.

Section 3.

A denied step advancement can be granted following any sequence of a three (3) pay period review of the employee's performance. If a supervisor has failed to give the three (3) pay period notice of inadequate work performance prior to step denial, the employee's performance must be evaluated within three (3) pay periods after the step would have been due. If this rating is "Meets Job Standards" or above, the step advance will be granted effective the original due date. If the supervisor fails to evaluate the employee

within three (3) pay periods after the step due date, the employee will be deemed to be evaluated as "Meets Job Standards" and the employee shall be granted the step advance effective the original step due date.

Section 4.

Any dispute arising out of the content of a work-performance evaluation with an overall rating of "Below Job Standards" or "Unsatisfactory" may be processed using the grievance procedure up to Step 3.

Section 5.

It is agreed that the performance of any employee without regular status must be rated as "Meets Job Standards" or better prior to granting any merit step advancement.

## ARTICLE 32.                NONDISCRIMINATION

SEIU agrees to represent all employees in these units in their employer-employee relations with the Court.

The parties agree that the provisions of this Agreement shall be applied equally to all employees covered hereby without favor or discrimination because of race, color, sex, sexual orientation, age, physical or mental handicap, national origin, political or religious opinions, or labor organization affiliations.

The parties agree to support and promote the objectives of the Court's Equal Employment Opportunity program.

## ARTICLE 33.                OBLIGATION TO SUPPORT

The parties agree that subsequent to the execution of this Memorandum of Understanding and during the period of time said Memorandum is before the Court Executive Committee; neither SEIU nor the Court Executive Officer, nor their authorized representatives will appear before the Court Executive Committee individually or collectively to advocate any amendment, addition or deletion to the terms and conditions of this Memorandum of Understanding. It is further understood that this Article shall not preclude the parties from appearing before the Court Executive Committee nor meeting with individual members of the Court Executive Committee to advocate or urge the adoption and approval of this Memorandum of Understanding in its entirety.

## ARTICLE 34.                OVERTIME

Section 1.    General Provisions

(a) Policy.  It is the policy of the Court to discourage overtime except when necessitated by abnormal or unanticipated workload situations.  It is the responsibility of the Director of Human Resources or designee to arrange for the accomplishment of workload under their jurisdiction within a reasonable period of time.  The Court has the right to require overtime to be worked as necessary.

(b) Definition.  Overtime shall be defined as all hours actually worked in excess of forty (40) hours a work period.  For purposes of defining overtime, paid leave time shall be considered as time actually worked; provided however, that for employees in the Supervisory and Professional Units, time spent attending conferences, seminars and training programs shall not be considered as time actually worked.

Overtime shall be reported in increments of full fifteen (15) minutes and is non-accumulative and non-payable when incurred in units of less than fifteen (15) minutes.  Overtime shall not affect leave accruals.

(c) Overtime Compensation

    (1) Any employee authorized by the Court Executive Officer or designee to work overtime shall be compensated at premium rates, i.e., one and one-half (1-1/2) times the employee's regular rate of pay. Payment for overtime compensation shall be made on the first payday following the pay period in which such overtime is worked, unless overtime compensation cannot be computed until some later date, in which case overtime compensation will be paid on the next regular payday after such computation can be made.

    (2) In lieu of cash payment upon request of the employee and approval of the Court Executive Officer or designee, an employee may accrue compensating time off at premium hours. Cash payment at the employee's base rate of pay shall automatically be paid for any compensating time, which exceeds eighty (80) hours, or for any hours on record immediately prior to promotion, demotion or termination of employment.

(f) Variable Work Schedule

    The Director of Human Resources or designee with agreement of an affected employee, may arrange for that individual to take such time off as necessary to ensure that an employee's actual time worked does not exceed forty (40) hours within any given work period.

(h) Work Period

    The work period for purposes of overtime, established for employees commences at 12:01 a.m. Saturday and ends at 12:00 a.m. (midnight) the following Friday of each week. The work period normally does not exceed forty (40) hours. Employees currently on 9/80 work schedules may maintain such schedules provided a work period can be established and agreed to in writing by the appointing authority and the employee which includes forty (40) hours worked each work period. Once an employee currently on a 9/80 work schedule leaves the same, the employee has no right to return. This provision does not otherwise limit the ability of the appointing authority to modify work schedules in accordance with the Article "Standard Tour of Duty."

## ARTICLE 35.                  PART-TIME

## COURT SUPPORT SERVICES UNIT

All part-time positions shall be first offered to full-time employees with the exception of employees in job shares.

At the discretion of the Court an employee may be allowed to work at least part-time in a regular position. Part-time employment is defined as an employee working in a regular position that is scheduled for any numbers of hours less than eighty (80) per pay period.

Part-time employees shall receive pro rata benefits under Article 10: Benefit Plan and Article 52: Retirement System Contributions. Employees will be eligible for pro-rata accruals according to the Memorandum of Understanding provisions based upon the number of hours worked and be eligible to participate in the Retirement System.

Seniority continues to be based on hours worked.

At such time when the Court determines there is a need for at least a part-time position, the Court will develop a method for implementation of the part-time positions and will agree to meet with SEIU regarding such plan. The Court will meet and confer with SEIU regarding the impact of any proposed modifications of current positions.

If a part-time employee wishes to become a full-time employee, the employee shall submit a request to the Human Resources Director for full-time employment. When the Court determines the need for a full-time position, the employee shall be placed on the eligibility list for that position.

## ARTICLE 36.                    PAY PERIOD

A pay period shall be comprised of fourteen (14) calendar days. The first pay period under this Agreement shall commence at 12:01 a.m. on the first Saturday of the Memorandum of Understanding following effective date and shall end at 12:00 a.m. (midnight) on the second Friday thereafter. Each subsequent fourteen (14) day period shall commence on the succeeding Saturday at 12:01 a.m. and shall end at midnight on the second Friday thereafter. The pay period and work week may be adjusted in accordance with FLSA requirements. Paychecks shall be issued on the Friday following the end of the preceding pay period, unless the TCAS issues paychecks at an earlier date.

## ARTICLE 37.                    PAYROLL DEDUCTIONS

It is agreed that SEIU membership dues and insurance premiums for plans sponsored by SEIU shall be deducted by the Court from the pay warrant of each employee covered hereby who files with the Court a written authorization requesting that such deduction be made. Remittance of the aggregate amount of all membership dues and insurance premiums deducted from the pay warrants of employees covered hereby shall be made to SEIU within thirty (30) days after the conclusion of the month in which said membership dues and insurance premiums were deducted.

The Court shall not be liable to SEIU, employees, or any party by reason of the requirements of this Article for the remittance of any sum other that constituting actual deductions made from employee wages earned. SEIU shall hold the Court harmless for any and all claims, demands, suits, orders, judgments or other forms of liability that may arise out of or by reason of action taken by the Court under this Article.

## ARTICLE 38.                    PAYROLL ERRORS

In situations involving overpayment to an employee by the Court, said employee shall be obliged to repay the amount of overpayment within the time frame the overpayment was received by the employee. Documentation shall be provided to the employee by the Court, showing the calculations of the overpayment. Extensions to the period for repayment of the overage may be requested by the employee, subject to the approval of the Director of Human Resources or designee.

In situations involving underpayment (less than the normal paycheck) to an employee by the Court, the Court shall contact the TCAS and request payment of the balance due within the next pay period, which the adjustment can be made, accompanied by appropriate documentation to the TCAS. In those situations where the underpayment is one hundred dollars ($100.00) or more in arrears to the previous paycheck, upon the request of the employee, the Court shall request the TCAS to pay the amount due to the employee within seventy-two (72) hours.

## ARTICLE 39.                    PROBATIONARY PERIOD

The probationary period is one thousand forty (1040) service hours. The probationary period ends at the end of the day in which the employee has completed the required number of service hours.

The probationary period will be automatically extended for each hour during which the employee is on leave without pay. In situations where the employee is on continuous paid sick leave for eighty (80) or more consecutive hours, or on modified duty for occupational or non-occupational reasons, the probationary period may be extended at the discretion of the Court Executive Officer or designee. Such extension is in addition to the fifteen (15) pay period extension allowed by the Personnel Plan Policies.

The probationary period for Judicial Assistant I is two thousand eighty (2080) service hours.   The probationary period for Judicial Assistant II is one thousand forty (1040) service hours.

The probationary period for Legal Processing Assistant Trainee, Legal Processing Assistant I and Legal Processing Assistant II is as provided in Appendix C.   Employees making a job change to Legal Processing Assistant II will serve a probationary period of one thousand forty (1040) service hours.

## ARTICLE 40.                    PROMOTIONS

A promotion is the appointment of an employee from one classification to a classification having a higher base salary range.   A promoted employee shall receive at least the entrance rate of the new range or approximately a five percent (5%) salary increase whichever is greater; provided that no employee is thereby advanced above step 6 of the higher base salary range.   At the discretion of the Court Executive Officer or designee, an employee may be placed at any step within the higher base salary range.   Promotions shall be effective only at the beginning of a pay period.

## ARTICLE 41.                    PROVISIONS OF LAW

It is understood and agreed that this Memorandum of Understanding is subject to all current and future applicable Federal and State laws and regulations and the current provisions of the Rules of Court of the Superior Court of California, County of San Bernardino.   If any part or provision of this Memorandum of Understanding is in conflict or inconsistent with such applicable provisions of those Federal, State, or Court enactments or is otherwise held to be invalid or unenforceable by any court of competent jurisdiction, such part or provisions shall be suspended and superseded by such applicable law or regulations, and the remainder of this Memorandum of Understanding shall not be affected thereby.   If any part or provision of this Memorandum of Understanding is suspended or superseded, the parties agree to reopen negotiations regarding the suspended or superseded part or provision with the understanding that total compensation to employees under this Memorandum of Understanding shall not be reduced or increased as a result of this Article.   The parties hereto agree to refrain from initiating any legal action or taking individual or collective action that would invalidate Articles of this Memorandum of Understanding.

## ARTICLE 42.                    REALTIME DIFFERENTIAL

## OFFICIAL COURT REPORTER UNIT

The Court will provide a six percent (6%) differential (based on base salary only) for court reporters that are nationally certified and use realtime on a daily basis.   The Court will pay a three percent (3%) differential (based on base salary only) for court reporters that use realtime on a daily basis and pass the Court-administered test.   The differential will be effective the beginning of the pay period following the date of the Court-administered test.   Court reporters receiving either differential must sign an agreement to provide realtime services to any judge/commissioner.   Court reporters currently providing realtime services who obtained an affidavit signed by their current judge/commissioner will not be required to take the Court test.   These reporters must obtain a new affidavit if they are permanently assigned to another judge/commissioner or be required to take the Court test.   An employee on an unpaid leave of absence for an entire pay period is not eligible to receive the realtime differential.

## ARTICLE 43.                    RECRUITMENT/RETENTION SALARY ADJUSTMENT

The Court Executive Officer or designee shall have the sole authority to grant a recruitment/retention salary adjustment for increased compensation only in situations where the Court Executive Officer or designated representative has determined such a need exists.   Prior to implementation, the Court Executive Officer or designated representative shall meet and consult with the SEIU.   Such recommendation is at the sole discretion of the Court Executive Officer not to exceed the term of the existing Memorandum of Understanding, subject to the Court Judges Executive Committee review and approval.

**ARTICLE 44.**                    **RE-EMPLOYMENT**

(a) A regular employee who has terminated Court employment, and who is subsequently rehired in the same classification in a regular position must begin the first day of work within one hundred eighty (180) calendar days and beginning the first day of work by the one hundred eighty-first (181st) day, may receive restoration of salary step, vacation accrual rate, sick leave balance (unless the employee has received payment for unused sick leave in accordance with the Article on "Leave Provisions") and the Retirement Plan contribution rate (provided the employee complies with any requirements established by the Retirement Board), subject to the approval and conditions established by the Director of Human Resources or designee. The employee shall suffer loss of seniority and be required to serve a new probationary period. The Court Executive Officer or designee has the discretion to waive only the requirement of the re-employed to serve a probationary period. For Tier 1 eligible employees, restoration of retirement contribution rate shall be in accordance with applicable state law and in compliance with any requirements established by the SBCERA.

(b) A regular employee who has terminated Court employment and who is subsequently rehired to a regular position in the same job family must begin the first day of work within one hundred eighty (180) calendar days and beginning the first day of work by the one hundred eighty-first (181) day, may receive restoration of vacation accrual rate, sick leave, and retirement contribution rate in the same manner as described above. Such employees begin immediately accruing vacation and sick leaves and may utilize the same immediately. The employee shall suffer loss of seniority and be required to serve a new probationary period. The Court Executive Officer or designee has the discretion to waive only the requirement of the re-employed to serve a probationary period. For Tier 1 eligible employees, restoration of retirement contribution rate shall be in accordance with applicable state law and in compliance with any requirements established by the SBCERA

(c) A regular employee who has terminated Court employment, and who is subsequently rehired to a regular position within a ninety (90) calendar day period, must begin the first day of work within ninety (90) calendar days and beginning the first day of work by the ninety-first (91) day, may receive restoration of salary step (in the instance of rehire in the same classification), vacation accrual rate, sick leave and retirement contribution rate in the same manner as described above. The employee shall suffer loss of seniority and be required to serve a new probationary period. The Court Executive Officer or designee has the discretion to waive only the requirement of the re-employed to serve a probationary period. For Tier 1 eligible employees, restoration of retirement contribution rate shall be in accordance with applicable state law and in compliance with any requirements established by the SBCERA

(d) Re-employment From Layoff - A regular employee who has been laid off from Court employment and is subsequently rehired to a regular position within two (2) years shall receive restoration of salary step, vacation accrual rate, and sick leave in the same manner as described above. The employee shall not suffer a loss of seniority and will not be required to serve a new probationary period. For Tier 1 eligible employees, restoration of retirement contribution rate shall be in accordance with applicable state law and in compliance with any requirements established by the SBCERA.

**ARTICLE 45.**                    **RELOCATION**

Employees in regular positions who are required by order of the Court Executive Officer or designee to change their principal place of residence because of a reassignment to meet the needs of the Court or because of layoff will be granted time off with pay not to exceed two (2) working days and up to four hundred dollars ($400.00) reimbursement towards the actual cost of relocating their personal furnishings and belongings. Employees who are reassigned by order of the Court Executive Officer or designee to a location thirty-five (35) miles or more from the current location shall receive notification of such reassignment a minimum of two (2) pay periods prior to the effective date unless the reassignment is for the benefit of the employee.

**ARTICLE 46.**                     **RENEGOTIATION**

In the event either party hereto desires to negotiate a successor Memorandum of Understanding, such party shall serve upon the other during the time period of one hundred and twenty (120) to ninety (90) days prior to the ending date of this Memorandum of Understanding, any written request to commence negotiations. Upon receipt of notification, negotiations shall begin no later than thirty (30) calendar days after such receipt.

The first order of business shall be negotiation of ground rules. By conclusion of the second meeting, ground rules shall be established regarding the form and procedure for exchanging further proposals and counter- proposals.

**ARTICLE 47.**                     **REST PERIODS**

Employees shall be entitled to rest periods in accordance with the schedule contained herein. Rest periods shall be scheduled in accordance with the requirements of the Court but in no instance shall rest periods be scheduled within one (1) hour of the beginning or ending of a tour of duty or meal period, nor shall such time be accumulative nor used to report to work late or leave early. Rest periods shall be considered as time worked. Employees required to work beyond their regular tour of duty shall be granted a ten (10) minute rest period for each two (2) hours of such work.

| Duration of Work Period: | No. and Limit of Rest Period: |
|---|---|
| 3 hours through 6 hours | One - 15 Minute Rest Period |
| 6 hours through 8 hours | Two - 15 Minute Rest Periods |
| 8 hours through 10 hours | Two - 20 Minute Rest Periods |

**ARTICLE 48.**                     **RETIREMENT SYSTEM CONTRIBUTIONS**

Section 1.    Eligibility

Under the provisions of the County Employee's Retirement Law of 1937, all employees in regular positions who are scheduled to work for a minimum of forty (40) hours per pay period shall become members of the SBCERA.

Due to the California Public Employees' Pension Reform Act of 2013 (PEPRA), SBCERA established a new tier, Tier 2. Tier 1 employees are those with a SBCERA membership date prior to January 1, 2013. Tier 2 employees are those with a SBCERA membership date on or after January 1, 2013. Tier 2 employees are subject to the provisions of PEPRA.

Exception: Employees first hired at age sixty (60) or over may choose not to become a member of SBCERA at the time of hire. If this election is made, the employee will participate in the PST Deferred Compensation Retirement Plan. Said employee shall contribute five percent (5%) of the employee's biweekly gross earnings and the Court shall contribute two and one-half percent (2.5%) of the employee's biweekly gross earnings. The employee's contributions to the PST Deferred Compensation Retirement Plan shall be automatically deducted from the employee's earnings. Maximum total contributions shall be seven and one-half percent (7.5%) of the employee's maximum covered wages for Social Security purposes. Employees shall enroll in the Plan on forms approved by the Court.

Employees shall be responsible for one hundred percent (100%) of the employee's retirement contributions as determined by the SBCERA without the Court paying any part of the employee's contributions.

The Tier 1 employee must choose to have the contributions designated as all nonrefundable or all refundable contributions for retirement purposes. If the Tier 1 employee designates the pickup as nonrefundable contributions, then for each dollar applied, the Tier 1 employee's retirement obligation shall be satisfied in the amount of the actuarial value of that dollar to the SBCERA as determined by the Board of Retirement, and the Tier 1 employee may not withdraw this contribution from the SBCERA.

If the Tier 1 employee designates the pickup as refundable contributions, then for each dollar applied, the Tier 1 employee's retirement obligation shall be satisfied in the amount of one dollar, and upon separation without retirement, a Tier 1 employee may withdraw this contribution from the Retirement Association. Upon retirement or separation, all contributions applied under this Section will be considered for tax purposes as nonrefundable contributions.

If the Tier 1 employee does not file a designation, the contributions shall be made as refundable contributions. Tier 1 employees receiving SBCERA contributions under the Benefit Plan in effect prior to the effective date of this Article shall continue to have contributions under this Article applied (as employer or employee contributions for retirement purposes) in the same manner as previously applied for the Tier 1 employee until a revised designation is made by the Tier 1 employee.

Any dollars, which are remaining after all retirement system obligations are fully satisfied, shall be paid to the employee in cash.

Section 3.  Survivor Benefits

Survivor benefits are payable to employed retirement members with at least eighteen (18) months continuous retirement membership pursuant to Section 31855.12 of the County Employees Retirement Law of 1937. An equal, non-refundable employer and employee biweekly contribution will be paid to SBCERA as provided in the annual actuarial study. Employees are required to pay for survivor benefits even if you are not married and have no minor children.

**ARTICLE 49.**          **RETURN-TO-WORK COMPENSATION**

Section 1.   Purpose

Return-to-work compensation is designed to compensate employees for being available to return to work with limited notice and for hours not previously regularly scheduled. There are three types of return-to-work compensation covered by this Article: on-call; standby; and call-back. Assignment and approval of return to work compensation shall be made by the Court Executive Officer or designee based upon the needs of the Court.

Section 2.   On-Call Compensation

(a) On-call duty requires the employee to return a call or page as soon as practicable but not to exceed thirty (30) minutes.

(b) Employees assigned to be on-call shall: (1) leave a telephone number where they can be reached or wear a communicating device; and (2) be able to report to their work site within one (1) hour after notification. Employees can also be given a designated time of more than one (1) hour to report by the Court Executive Officer or designee.

(c) While assigned to on-call duty, the employee shall be free to use the time for his or her own purposes.

(d) On-call duty shall be compensated at the rate of three dollars and twenty-five cents ($3.25) for each full hour of duty or portion thereof. On-call time shall not count as hours worked.

(e) The employee shall not receive on-call compensation once the employee begins work.

Section 3.    Standby Compensation

(a) Standby duty requires the employee to return a call or page as soon as practicable but not to exceed ten (10) minutes.

(b) Employees assigned to standby duty shall: (1) leave a telephone number where they can be reached or wear a communicating device; and (2) after being told to report to work, the employee shall arrive at the work site no later than the time it takes to commute between the employee's home and the work site. Employees can also be given a designated time to report by the Court Executive Officer or designee.

(c) For employees in the Support Services Unit, standby pay shall be compensated at minimum wage as provided in the Fair Labor Standards Act for each full hour of standby duty or portion thereof. Standby hours under this provision shall count as hours worked for overtime purposes.

Examples of application of this provision for computing overtime:

Employee earning ten dollars ($10.00) per hour works forty (40) hours in a work period, plus twenty (20) hours of standby.

$$40 \text{ hours x } \$10.00 \text{ (base salary rate)}^1 = \$400.00$$
$$20 \text{ hours x } \$ 5.75 \text{ (minimum wage)} = \underline{\$115.00}$$
$$\$515.00$$

$515.00 divided by 60 hours worked (regular rate of pay)$^2$= $  8.58
$$\$8.58 \text{ x } 1\text{-}1/2 \text{ (overtime rate)} = \$12.87$$

Pay for this week would be:

$$40 \text{ hours x } \$ 8.58 \text{ (regular rate of pay)} = \$343.20$$
$$20 \text{ hours x } \$12.87 \text{ (overtime rate)} = \underline{\$257.40}$$
$$\text{TOTAL PAY} = \$600.60$$

[1]Base salary rate is defined in Salary Adjustment, Section 2.

[2]Regular rate of pay is defined within the requirements of the Fair Labor Standards Act to include all remuneration for employment paid to the employee. When more than one rate of pay is paid for hours worked, the regular rate of pay is calculated using the weighted average of the rates of pay.

(d) The employee shall not receive standby compensation once the employee begins work.

Section 4.    Call-Back Compensation

(a) Call-back pay is used when an employee in a regular position returns to active duty and the work site at the request of the Court Executive Officer or designee after said employee has been released from active duty and has left the work site. An employee need not be assigned to on-call or standby duty to receive call-back compensation.

(b) Call-back compensation shall be paid in the following manner. The employee shall be paid for two (2) hours at one-time the base hourly rate of pay for each call-back occurrence. Said compensation shall be in lieu of any travel time and expense to and from home and the first or last work contact point. All time actually worked shall be considered as time actually worked for purposes of the Article on "Overtime."

(c) Employees shall not be eligible for call-back pay in the following situations: (1) special tours of duty scheduled in advance; (2) the employee is called back within two (2) hours of the beginning of a scheduled tour of duty; or (3) the employee is not required to leave home. The employee shall report all time actually worked within a pay period. Such time shall be accumulative and shall be considered as time actually worked for the purposes of the Article on "Overtime."

## ARTICLE 50.                    SALARY ADJUSTMENTS

Section 1.

Effective upon ratification of this MOU, all bargaining unit employees who have completed their initial probationary period shall receive a sixty (60) hour one-time equity adjustment payment equal to current base salary at time of ratification.

Effective the first full pay period closest to May 1, 2016, after Court approval of this MOU, the base salary for all bargaining unit employees shall be increased by five percent (5%).

Effective the first full pay period closest to September 1, 2017, the base salary for all bargaining unit employees shall be increased by two percent (2%).

Effective the first full pay period closest to September 1, 2017, bargaining unit employees who have completed their initial probationary period shall receive a one-time lump sum payment equal to one percent (1%) of base salary.

Effective the first full pay period closest to September 1, 2018, the base salary for all bargaining unit employees shall be increased by three percent (3%).

Effective the first full pay period of 2019, the base salary for all bargaining unit employees shall be increased by one percent (1%).

For purposes of this Agreement, base salary range shall mean the salary range assigned to a specific classification as provided in Appendix D. Base salary rate shall mean the hourly rate of pay established pursuant to Section 1 herein or the hourly rate of pay established pursuant to the step placement within the base salary range as provided in this Agreement as appropriate. Salary ranges shall be those provided in the Basic Salary Schedule contained in the Court Salary Schedule.

Section 2.

The parties, having jointly reviewed and considered all available factors, agree that the salaries of existing classifications are those set forth in Appendix D.

## ARTICLE 51.                    SALARY RATES AND STEP ADVANCEMENTS

New employees shall be hired at Step 1 of the established base salary range, except as otherwise provided in this Agreement. Variable entrance steps may be established if justified by recruitment needs through Step 6 with the approval of the Court Executive Officer or designee.

Within the base salary range, all step advancements will be made at the beginning of the pay period in which the employee completes the required number of service hours. Approval for advancement shall be based upon completion of required service hours in the classification and satisfactory work performance. An employee whose step advancement is denied shall not be eligible for reconsideration for step advancement except as provided in the Article "Merit Advancements."

Completed service hours shall be defined as regularly scheduled hours in a paid status, up to eighty (80) hours per pay period. Overtime hours and time without pay shall not count toward step advancements. The

employee shall be eligible for the first step advancement after completion of one thousand forty (1040) hours [approximately six (6) months] and subsequent step advancements after completion of two thousand eighty (2080) hours.

Employees still within the step progression, who reach the required number of service hours, shall advance to the next step subject to approximately five (5%) increase provided, however, that no employee shall be paid greater than the top step in range.

Examples:

| Hire Step | 1 | |
|---|---|---|
| After 1040 hours Approx. 6 months | 2 | 5% |
| After additional 2080 hours Approx. one year | 3 | 5% |
| After additional 2080 hours Approx. one year | 4 | 5% |
| After additional 2080 hours Approx. one year | 5 | 5% |
| After additional 2080 hours Approx. one year | 6 | 5% |

The Court Executive Officer or designee may authorize the adjustment of the salary step or salary rate of an employee to maintain salary equity within the system, to prevent undue hardship or unfairness due to the application of any rule or policy, or to correct any salary inequity. The Director of Human Resources or designee may authorize the adjustment of the salary step or salary rate of an employee to correct any payroll error or omission, including any such action which may have arisen in any prior fiscal year.

**ARTICLE 52.**          **SPECIAL ASSIGNMENT COMPENSATION (SAC)**

Increases in pay may be granted to recognize the temporary assignment of additional responsibilities significant in nature and beyond the normal scope of the position. Now award shall be made in any situation related to a vacation, short-term illness, or other relief six (6) weeks or less. The duration of such assignment are not intended to exceed one (1) calendar year except in unusual circumstances approved by the Court Executive Officer or designee. Employees will normally not be in a probationary status. The employee shall be required to meet standards for satisfactory performance.

Compensation shall be awarded in pay-period increments and shall be in the form of a specified percentage of the employee's base pay. The Court Executive Officer or designee will determine the amount from a minimum of two-and-one-half percent (2.5%) up to a maximum of seven-and-one-half percent (7.5%). The additional compensation will be computed at the specified percentage of the current base pay of the employee for each pay period. Such increased in pay shall not affect and employee's step advancement in the base range pursuant to "Salary Rates and Step Advancements."

Requests for Special Assignment Compensation may be initiated by the manager or an employee via the appointing authority. The manager and the employee bear the mutual responsibility for initiating the compensation request in a timely manner and adhering to the compensation provisions defined in this provision. It is important the Court Executive Officer review the request before the employee begins the assignment because there is no guarantee the request will be approved. Special Assignment Compensation is to be effective only with the Court Executive Officer's written approval, assignment of the great level of duties, and signed acceptance by the employee.

This provision shall not be used to circumvent or provide additional compensation over and above that which may be provided in "Classification" and "Assignment to Vacant Higher Position." These aforementioned provisions are mutually exclusive concepts, and as such, there shall be no dual or multiple requests and/or appeals, in which the latter is applicable, for a single situation.

**ARTICLE 53.**          **STANDARD TOUR OF DUTY**

The standard tour of duty represents the time that an employee is regularly scheduled to work. A regularly scheduled tour of duty which commences before midnight and ends the following day shall be reported for payroll purposes as time worked for the day in which the tour of duty began. The standard tour of duty consists of eight (8) hours per day, forty (40) hours per week. The Court Executive Officer shall establish work schedules. Employees may be assigned or authorized by the Court Executive Officer or his/her designee to a 9/80 work schedule provided a work period is established and agreed to in writing by the Court Executive Officer and the employee which includes eighty (80) hours worked each pay period. Employees may be assigned or authorized by the Court Executive Officer or his/her designee to a 4/10 work schedule.

**ARTICLE 54.**          **STATE DISABILITY INSURANCE**

The Court agrees to pay the premium for State Disability Insurance for each employee except those for which the Court pays the premium for short-term disability insurance described under "Short-Term Disability" section above. Such Court-paid premium shall not exceed the current cost of nine-tenths (.9) of one percent of the first thirty thousand dollars ($30,000).

After coverage is available, all claims shall be filed directly with the State Employment Development Department by individual employees. This benefit shall apply to employees in regular positions budgeted for forty (40) or more hours per pay period.

**ARTICLE 55.**          **TEMPORARY PERFORMANCE OF HIGHER-LEVEL DUTIES**

Employees directed to continuously perform the duties of a higher level position, or employees who have been given the temporary assignment of a project involving the performance of more difficult duties and requiring a greater level of skill(s) may be granted additional compensation. For the purpose of this Article, temporary is defined as two (2) weeks or less. The duration of such assignments are not intended to exceed one (1) calendar year.

Eligibility Criteria: Employees will normally have regular status and not be in a probationary or trainee status; and there must be evidence of the employee's ability to competently perform the new assignment as determined by the Director of Human Resources or designee. Appointments to regular positions of trainees or underfills are exempt from the provisions of this Article.

Assignment Criteria:

(a) Compensation related to project assignments requires the temporary assignment of more difficult duties involving a greater level of skills. Such assignment may be made to allow for employee rotation, enhance upward mobility or to determine the impact of potential operational/organizational changes. The specific, temporary duties must be identified in writing.

Compensation: Compensation shall be awarded in pay period increments.

(b) Employees performing the duties of a higher level regular classification shall be entitled to a salary rate increase equal to the higher classification for the time actually worked. The amount of salary-rate increase shall be equal to a promotion.

(c) Special assignment/Project compensation shall be in the form of a specified percentage of the employee's base pay. The Court Executive Officer or designee will determine the amount in increments of one (1) percent from a minimum of two and one-half percent (2-1/2%) up to a maximum of seven and one-half percent (7-1/2%). The bonus will be computed at the specified percentage of the current base pay of the employee for each pay period. Such increases in pay shall not affect the employee's step advancement in the base range pursuant to the Article on "Salary Rates and Step Advancements."

Requests for Temporary Performance Compensation may be submitted in writing by the Manager or an employee to the Court Executive Officer or designee. The Manager and the employee bear mutual responsibility for initiating the compensation request in a timely manner and adhering to the compensation provisions defined in this article. Temporary Performance Compensation is to be paid from the effective date of the assignment. The Court Executive Officer or designee's must give written approval or Temporary Performance Compensation.

The provisions of this Article shall not be utilized to circumvent the provisions of or provide additional compensation over and above that which may be provided in the Article on "Classification."

**ARTICLE 56.**              **TERM**

The term of this Memorandum of Understanding shall commence at 12:01 a.m. July 1, 2015, and this Memorandum of Understanding shall expire and otherwise be fully terminated at 12:00 a.m. (midnight) of September 30, 2019.If a successor Memorandum of Understanding has not been reached by 12:00 a.m. (midnight) of September 30, 2019, the terms and conditions of this Memorandum of Understanding shall be extended one (1) year or until a successor Memorandum of Understanding is adopted, whichever occurs sooner.

**ARTICLE 57.**              **TRANSFERS**

The Court recognized that providing opportunities for employees to transfer creates a positive work environment. The Court is committed to supporting transfer requests for vacancies as a result of a promotion, resignation, termination or a newly funded position to the extent outlined in this section consistent with the Court's operational needs. All transfer requests will be considered in a manner that identifies the best candidate, consistent with the needs of the Court.

In order to be eligible for the transfer list, the employee must have no formal disciplinary action(s) within the last twelve (12) months from the date of application, have completed his or her probationary period and must not have been transferred as a result of a request within the last twelve (12) months.

An eligible employee requesting a transfer shall submit a transfer request in NEOGOV. The Court shall maintain a transfer list of employees requesting a change of work location. The list will be kept in order by date of the employee's application. The transfer list will not expire; therefore, employees are responsible for requesting removal of their name off of the transfer list(s) if they are no longer interested in transferring; otherwise, the employee may be subject to being transferred. If an employee requests more than one location for transfer and is assigned to one of the desired locations, the employee will be removed from the transfer list. If an employee received a disciplinary action while there are on the transfer list, the employee will be removed from the transfer list.

The Court shall consider employees on the transfer list prior to seeking outside candidates. The Court shall fill vacant positions from the transfer list prior to seeking candidates from the layoff list.

The Court and Union agree to meet six (6) months after ratification of the MOU to discuss the transfer process.

**ARTICLE 58.**              **TUITION REIMBURSEMENT AND MEMBERSHIP DUES**

Section 1. Preamble

In conjunction with SEIU, the Court has established for each representation unit a tuition reimbursement and membership dues procedure to encourage all employees to pursue educational opportunities and involvement in organizations to enhance their contribution as Court employees and assist in their career

development. Both parties recognize the importance of continued quality improvement and strongly encourage the utilization of opportunities assisted by this Article. Tuition funding and reimbursement programs shall be administered by the Court's Financial Services.

No Unit member shall receive tuition reimbursement in excess of the limitation determined by the Internal Revenue Service. Eligibility for reimbursement is contingent upon an approved course or seminar, completed with, where applicable, a grade of "C" or better or "pass" when taken on a pass/fail basis, except in extenuating circumstances where such a situation as verifiable illness prevents an individual from completing a course.

If a license or certification is required for classification, the Court will either reimburse or make direct payments upon request by the employee.

Section 2.

Each fiscal year a maximum of six hundred dollars ($600.00) will be allowed for each employee in a regular position with at least twelve months of Court Service. These funds will be administered by the Court's Financial Services for one hundred percent (100%) reimbursement of tuition and college registration fees, conventions, seminars, and workshops for career-development courses or to reimburse membership dues in professional organizations; provided such expenditure enhances the education, skills, and qualifications pertaining to the employee's classification or furtherance of Court goals and is approved by the Court Executive Officer or designee.

The Court will also reimburse Official Court Reporters for license fees and state-mandated continuing education units (CEU).

**ARTICLE 59.**        **UNIFORMS**

The Court will provide five (5) shirts per employee in the classification of Court Systems Technician, Court Facilities and Records Clerk and Court Facility Worker. Shirts will be replaced annually or as needed.

The Court will provide two (2) navy blazers with Court seals, eleven (11) pairs charcoal grey pants and eleven (11) white shirts to Court Attendants which will be replaced annually. The Vendor will rent the uniforms to the Court and provide clean uniforms on a weekly basis at no out-of-pocket expense to the employee. Weekly pick-up/drop-off for dry cleaning will be at a designated location convenient to the employees.

The Court will provide annually a sixty-five dollar ($65.00) allowance for Court Attendants to be used to purchase professional black shoes.

**ARTICLE 60.**        **UNION EDUCATION AND RELEASE TIME**

Section 1.   Executive Board Members

The Court will provide up to thirty-two (32) hours per calendar year for an employee that is an Executive Board member of SEIU Local 721 to attend periodic union-sponsored training, seminars, and conferences. Employees who are authorized Executive Board members of SEIU Local 721 shall be entitled to be released on one (1) regularly scheduled work day per month, at the Union's expense, for the purpose of traveling to and attending the monthly Executive Board meeting. Employees may request VTO or vacation time to cover these meetings. The Union agrees to provide the Court with a minimum of a one (1) month advance notice for release time under this provision.

Section 2:   Steward Education/Release Time

The Court agrees to release SEIU stewards for Union-related education and training activities not to exceed six (6) work days per steward and alternate per calendar year, at the Union's expense. Employees may request VTO or vacation time to cover these trainings. The Union agrees to provide the Court with a minimum of a two (2) week advance notice for release time under this provision.

**ARTICLE 61.**                          **USE OF BULLETIN BOARDS**

The Court will furnish at least a three and one-half by two and one-half feet (3 ½ x 2 ½) portion of existing bulletin board space for notices of SEIU. Only areas designated by the Court Executive Officer or designee may be used for posting of notices. Bulletin boards shall only be used for the following notices:

   (a) Scheduled SEIU meetings, agenda and minutes.

   (b) Information on SEIU elections and the results.

   (c) Information regarding SEIU social, recreational, and related news bulletins.

   (d) Reports of official business of SEIU, including reports of committees or the Board of Directors.

Posted notices shall not be obscene, defamatory, or of a political nature, nor shall they pertain to public issues which do not involve the Court or its relations with Court employees. All notices to be posted must be dated and signed by an authorized representative of SEIU, with a copy to be submitted, delivered or faxed to the Director of Human Resources prior to posting.

Court equipment, materials, or supplies shall not be used for the preparation, reproduction, or distribution of notices, nor shall such notices be prepared by Court employees during their regular work time.

In cases where SEIU represents more than one (1) authorized employee representation Unit at a work location, the space described above will become the bulletin board space for all employees represented by SEIU at that work location.

**ARTICLE 62.**                          **USE OF COURT RESOURCES**

SEIU will be granted permission to use Court facilities for the purpose of meeting with employees to conduct its internal affairs during non-work hours, provided space for such meetings can be made available without interfering with Court needs. Permission to use Court facilities must be obtained by SEIU from the Director of Human Resources. SEIU shall be held fully responsible for any damages to and the security of any Court facilities that are used by SEIU. No Court vehicles, equipment, time, or supplies may be used in connection with any activity of SEIU, except as may be otherwise provided in this Agreement.

The printing of Consolidated Memoranda of Understanding shall be undertaken by competitive bid with the costs for all units jointly shared by the Court and by SEIU.

**ARTICLE 63.**                          **VOLUNTARY TIME OFF**

Voluntary Time Off (VTO) Program is intended to provide employees a means of taking unpaid time off work without losing benefits which depend on the employee being in a paid status. The following conditions apply:

(1) VTO may be taken in the same increments as vacation time and is limited to one hundred and twenty (120) hours per fiscal year.

(2) When VTO is taken, leave accruals continue as if the employee were on paid time. Vacation maximum accrual limits will be extended by the amount of VTO taken provided that the employee take the vacation time off during the first thirteen (13) pay periods of the following fiscal year. VTO time counts as time worked toward satisfying the required hours to receive the Benefit Plan.

(3) VTO does not count as hours worked for purposes of computing overtime.  Benefits from the Retirement System Contribution Article will only be paid if the employee is in a paid status at least forty (40) hours in any pay period in which VTO is used.

(4) VTO may not be used for situations that would otherwise require Leave Without Pay, or in conjunction with Leave Without Pay.  VTO may be used only by an employee who is otherwise on paid status.

(5) VTO is an entirely voluntary program.  No employee may be required to take VTO.

VTO may be taken by request of the employee and upon approval of the Supervisor or Manager.

**ARTICLE 64.**                    **WORK DISRUPTION**

The parties agree that no work disruptions shall be caused or sanctioned by SEIU during the term of this Agreement.  Work disruptions include, but are not limited to: sit-down, stay-in, speed-up, or slowdown in any operation of the Court, or any curtailment of work, disruption, or interference with the operations of the Court.  The parties shall endeavor to discourage any such work disruptions and make positive efforts to return employees to their jobs.  The parties acknowledge that participation of any employee in any work disruption action against the Court is grounds for disciplinary action, including termination.  The parties agree that no lockout of employees shall be instituted by the Court during the term of this Agreement, unless such work disruptions occur.

Appendix A

# APPROVAL BY COURT JUDGES EXECUTIVE COMMITTEE

This Memorandum of Understanding is subject to approval by the Court Judges Executive Committee. The parties hereto agree to perform whatever acts are necessary, both jointly, and separately, to urge the Court Judges Executive Committee to approve and enforce this Memorandum of Understanding.

Following approval of this Memorandum of Understanding by the Court Judges Executive Committee, its terms and conditions shall be implemented.

DATED: _4/20/16_

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

SERVICE EMPLOYEES INTERNATIONAL
UNION, LOCAL 721

RECOMMENDED FOR COURT JUDGES EXECUTIVE COMMITTEE APPROVAL:

_____
RAYMOND L. HAIGHT
Presiding Judge

_____
NANCY CS EBERHARDT
Court Executive Officer

48

Appendix B

# REPRESENTED BARGAINING UNITS

The Superior Court of California, County of San Bernardino and the Service Employees International Union, Local 721 have met and conferred and reached an agreement establishing an Employer-Employee Relations Resolution.

That Resolution sets out two bargaining units for which Service Employees International Union, Local 721 is the exclusive representative.

These bargaining units are the Official Court Reporter Unit and the Support Services Unit.

It is the intention of the parties to negotiate a single Memorandum of Understanding between the parties concurrently. The individual bargaining units will be identified in the Memorandum of Understanding including any benefits unique to each bargaining unit.

The Court will release the following number of employees for the purpose of meeting and conferring for subsequent Memorandum of Understanding.

<u>Number of Employees</u>

Official Court Reporter Unit     2

Support Services Unit     3

Dated: _____4/28/16_____

_____
Service Employees International Union, Local 721

_____
Superior Court of California, County of San Bernardino

49

**Appendix C**

**Flexible Staffing Criteria of the Legal Processing Assistant (LPA) Series**

**SUPERIOR COURT LEGAL PROCESSING ASSISTANT (LPA) SERIES:**

The Legal Processing Assistant (LPA) series is a flexibly staffed classification series, which provides employees with the opportunity for professional growth, advancement and increased pay. It provides the Superior Court organization and management with the expertise and flexibility to meet the changing workload and coverage needs of the Court. The classes in the LPA series are characterized by the complexity, variety and breadth of work performed. The criteria for promotion from LPA Trainee to LPA I and from LPA I to LPA II includes: (1) ability and willingness to perform multiple and complex division activities; (2) at a minimum, a meets standards performance rating; and, (3) assessment testing.

*The Superior Court will provide employees the opportunity and training necessary to "flex up" as described below.*

**LEGAL PROCESSING ASSISTANT TRAINEE (LPA Trainee) - *Entry Training Level:***

- Incumbents work at an initially assigned desk (e.g., input, filing, etc.) and in a training capacity within a district. Incumbents <u>must</u> develop the necessary skills for progression to the next level, LPA I, by the completion of a 6-month (1,040 hours) training period or face termination.
- To promote to the LPA I level, an incumbent must successfully complete the 6-month training; demonstrate consistent competency in more than one required activity within a district; pass the core assessment testing; and, at a minimum, achieve marks of "Meets Standards" in all rating categories of their performance evaluation.

**LEGAL PROCESSING ASSISTANT I (LPA I) – *Continued Training Level:***

- Incumbents perform a variety of document processing and/or data entry activities. The probationary period for the LPA I is 12 months (2,080 hours).

**TO PROMOTE TO LEGAL PROCESSING ASSISTANT II (LPA II):**

1. Incumbents must complete 18 months (3,120 hours) in the classification of Legal Processing Assistant I (LPA I); and
2. Demonstrate consistent competency in the required activities in the "Moderate and Complex" levels of the Promotional Cross Training Plan of a district; and
3. At a minimum, be rated "Meets Standards " in all rating categories of the performance appraisal and the quarterly proficiency training reports; and
4. Pass the required core and case-specific assessment testing.

- The probationary period for an LPA I is 12 months (2,080 hours). The probationary period may be extended at the end of the 12-month period if necessary and may be extended in 3 pay-period increments up to a maximum of 15 pay periods.

**LEGAL PROCESSING ASSISTANT II (LPA II) – *Journey Level:***

- Incumbents are fully skilled workers capable of performing the full range of document processing activities. They are competent to work in the full range of performance areas. LPA II's provide technical assistance in more complex and less routine assignments, conduct technical review of work, and assist the supervisor in planning and implementing work procedures, staff training and similar tasks.

There is no probationary period for employees promoting to LPA II from the LPA I level.

Appendix D
Eff. 12.27.14

| Classification | Unit | Range | Step 1 | Step 6 |
|---|---|---|---|---|
| ACCOUNT CLERK I | CSS | 34 | $16.5529 | $21.1646 |
| ACCOUNT CLERK II | CSS | 39 | $18.7357 | $23.9038 |
| ACCOUNTING TECHNICIAN | CSS | 44 | $21.1646 | $27.0068 |
| ADMINISTRATIVE ASSISTANT I | CSS | 43 | $20.6403 | $26.3220 |
| ADMINISTRATIVE ASSISTANT II | CSS | 46 | $22.2132 | $28.3550 |
| ADMINISTRATIVE CLERK | CSS | 37 | $17.8583 | $22.7696 |
| BUDGET CLERK | CSS | 42 | $20.1481 | $25.7228 |
| COMPLIANCE OFFICER | CSS | 37 | $17.8583 | $22.7696 |
| COURT ATTENDANT | CSS | 39 | $18.7357 | $23.9038 |
| FACILITIES AND RECORDS CLERK | CSS | 33 | $16.1677 | $20.6403 |
| FACILITIES WORKER | CSS | 33 | $16.1677 | $20.6403 |
| JUDICIAL ASSISTANT I | CSS | 41 | $19.6452 | $25.0915 |
| JUDICIAL ASSISTANT II | CSS | 46 | $22.2132 | $28.3550 |
| JURY SERVICES ASSISTANT | CSS | 37 | $17.8583 | $22.7696 |
| LEGAL PROCESSING ASSISTANT I | CSS | 33 | $16.1677 | $20.6403 |
| LEGAL PROCESSING ASSISTANT II | CSS | 37 | $17.8583 | $22.7696 |
| LEGAL PROCESSING ASSISTANT TRAINEE | CSS | 27 | $13.9742 | $17.8583 |
| OFFICIAL COURT REPORTER | CTR | 65 | $35.3207 | $45.1326 |
| PARALEGAL | CSS | 51 | $25.0915 | $32.0251 |
| PARALEGAL TRAINEE | CSS | 41 | $19.6452 | $25.0915 |
| PURCHASING ASSISTANT I | CSS | 34 | $16.5529 | $21.1646 |
| PURCHASING ASSISTANT II | CSS | 39 | $18.7357 | $23.9038 |
| SELF HELP ASSISTANT | CSS | 39 | $18.7357 | $23.9038 |
| SENIOR ACCOUNT TECHNICIAN | CSS | 49 | $23.9038 | $30.4950 |
| SENIOR FACILITIES & RECORDS CLERK | CSS | 39 | $18.7357 | $23.9038 |
| SENIOR LEGAL PROCESSING ASSISTANT | CSS | 39 | $18.7357 | $23.9308 |
| SYSTEMS TECHNICIAN I | CSS | 52 | $25.7228 | $32.8276 |
| SYSTEMS TECHNICIAN II | CSS | 56 | $28.3550 | $36.2088 |
| SYSTEMS TECHNICIAN III | CSS | 58 | $29.7995 | $38.0385 |
| TREATMENT COURT COORDINATOR | CSS | 62 | $32.8276 | $41.9440 |

**Appendix E**

OFFICIAL COURT REPORTER UNIT

| arge effective 12-7-14 | | Step 1 | Step 2 | Step 3 | Step 4 | Step 5 | Step 6 | Step 7 | Step 8 | Step 9 | Step 10 | Step 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 27 | Hourly | 13.9742 | 14.3166 | 14.6697 | 15.0442 | 15.4187 | 15.8039 | 16.1677 | 16.5529 | 15.9916 | 17.4196 | 17.8553 |
| | Appx. Bi-wkly | 1,117.94 | 1,145.33 | 1,173.58 | 1,203.54 | 1,233.50 | 1,264.31 | 1,293.42 | 1,324.23 | 1,359.33 | 1,393.57 | 1,428.66 |
| 33 | Hourly | 16.1677 | 16.5529 | 16.9916 | 17.4196 | 17.8583 | 18.2756 | 18.7357 | 19.1851 | 19.6452 | 20.1481 | 20.6403 |
| | Appx. Bi-wkly | 1,293.42 | 1,324.23 | 1,359.33 | 1,393.57 | 1,428.66 | 1,462.05 | 1,498.86 | 1,534.81 | 1,571.62 | 1,611.85 | 1,651.22 |
| 34 | Hourly | 16.5529 | 16.9916 | 17.4196 | 17.8583 | 18.2756 | 18.7357 | 19.1851 | 19.6452 | 20.1481 | 20.6403 | 21.1646 |
| | Appx. Bi-wkly | 1324.23 | 1359.33 | 1393.57 | 1428.66 | 1462.05 | 1498.86 | 1534.81 | 1571.62 | 1611.85 | 1651.22 | 1693.17 |
| 37 | Hourly | 17.8583 | 18.2756 | 18.7357 | 19.1851 | 19.6452 | 20.1481 | 20.6403 | 21.1646 | 21.6782 | 22.2132 | 22.7696 |
| | Appx. Bi-wkly | 1,428.66 | 1,462.05 | 1,498.86 | 1,534.81 | 1,571.62 | 1,611.85 | 1,651.22 | 1,693.17 | 1,734.26 | 1,777.06 | 1,821.57 |
| 39 | Hourly | 18.7357 | 19.1851 | 19.6452 | 20.1481 | 20.6403 | 21.1646 | 21.6782 | 22.2132 | 22.7696 | 23.3367 | 23.9038 |
| | Appx. Bi-wkly | 1,498.86 | 1,534.81 | 1,571.62 | 1,611.85 | 1,651.22 | 1,693.17 | 1,734.26 | 1,777.06 | 1,821.57 | 1,868.94 | 1,912.30 |
| 41 | Hourly | 19.6452 | 20.1481 | 20.6403 | 21.1646 | 21.6782 | 22.2132 | 22.7696 | 23.3367 | 23.9038 | 24.5030 | 25.0915 |
| | Appx. Bi-wkly | 1,571.62 | 1,611.85 | 1,651.22 | 1,693.17 | 1,734.26 | 1,777.06 | 1,821.57 | 1,866.94 | 1,912.30 | 1,960.24 | 2,007.32 |
| 42 | Hourly | 20.1481 | 20.6403 | 21.1646 | 21.6782 | 22.2132 | 22.7696 | 23.3367 | 23.9038 | 24.5030 | 25.0915 | 25.7228 |
| | Appx. Bi-wkly | 1,611.85 | 1,651.22 | 1,693.17 | 1,734.26 | 1,777.06 | 1,821.57 | 1,866.94 | 1,912.30 | 1,960.24 | 2,007.32 | 2,057.82 |
| 43 | Hourly | 20.6403 | 21.1646 | 21.6782 | 22.2132 | 22.7696 | 23.3367 | 23.9038 | 24.5030 | 25.0915 | 25.7228 | 26.3755 |
| | Appx. Bi-wkly | 1,651.22 | 1,693.17 | 1,734.26 | 1,777.06 | 1,821.57 | 1,866.94 | 1,912.30 | 1,960.24 | 2,007.32 | 2,057.82 | 2,110.04 |
| 44 | Hourly | 21.1646 | 21.6782 | 22.2132 | 22.7696 | 23.3367 | 23.9038 | 24.5030 | 25.0915 | 25.7228 | 26.3755 | 27.0068 |
| | Appx. Bi-wkly | 1,693.17 | 1,734.26 | 1,777.06 | 1,821.57 | 1,866.94 | 1,912.30 | 1,960.24 | 2,007.32 | 2,057.82 | 2,110.04 | 2,160.54 |
| 46 | Hourly | 22.2132 | 22.7696 | 23.3367 | 23.9038 | 24.5030 | 25.0915 | 25.7228 | 26.3755 | 27.0068 | 27.6702 | 28.3550 |
| | Appx. Bi-wkly | 1,777.06 | 1,821.57 | 1,866.94 | 1,912.30 | 1,960.24 | 2,007.32 | 2,057.82 | 2,110.04 | 2,160.54 | 2,213.62 | 2,268.40 |
| 51 | Hourly | 25.0915 | 25.7228 | 26.3755 | 27.0068 | 27.6702 | 28.3550 | 29.0612 | 29.7995 | 30.4950 | 31.2547 | 32.0251 |
| | Appx. Bi-wkly | 2,007.32 | 2,057.82 | 2,110.04 | 2,160.54 | 2,213.62 | 2,268.40 | 2,324.90 | 2,383.96 | 2,439.60 | 2,500.38 | 2,562.01 |
| 52 | Hourly | 25.7228 | 26.3755 | 27.0068 | 27.6702 | 28.3550 | 29.0612 | 29.7995 | 30.4950 | 31.2547 | 32.0251 | 32.8276 |
| | Appx. Bi-wkly | 2,057.82 | 2,110.04 | 2,160.54 | 2,213.62 | 2,268.40 | 2,324.90 | 2,383.96 | 2,439.60 | 2,500.38 | 2,562.01 | 2,626.21 |
| 53 | Hourly | 26.3755 | 27.0068 | 27.6702 | 28.3550 | 29.0612 | 29.7995 | 30.4950 | 31.2547 | 32.0251 | 32.8276 | 33.6408 |
| | Appx. Bi-wkly | 2,110.04 | 2,160.54 | 2,213.62 | 2,268.40 | 2,324.90 | 2,383.96 | 2,439.60 | 2,500.38 | 2,562.01 | 2,626.21 | 2,691.26 |
| 55 | Hourly | 27.6702 | 28.3550 | 29.0612 | 29.7995 | 30.4950 | 31.2547 | 32.0251 | 32.8276 | 33.6408 | 34.4647 | 35.3207 |
| | Appx. Bi-wkly | 2,213.62 | 2,268.40 | 2,324.90 | 2,383.96 | 2,439.60 | 2,500.38 | 2,562.01 | 2,626.21 | 2,691.26 | 2,757.18 | 2,825.66 |
| 56 | Hourly | 28.3550 | 29.0612 | 29.7995 | 30.4950 | 31.2547 | 32.0251 | 32.8276 | 33.6408 | 34.4647 | 35.3207 | 36.2088 |
| | Appx. Bi-wkly | 2,268.40 | 2,324.90 | 2,383.96 | 2,439.60 | 2,500.38 | 2,562.01 | 2,626.21 | 2,691.26 | 2,757.18 | 2,825.66 | 2,896.70 |
| 58 | Hourly | 29.7995 | 30.4950 | 31.2547 | 32.0251 | 32.8276 | 33.6408 | 34.4647 | 35.3207 | 36.2088 | 37.0862 | 38.0385 |
| | Appx. Bi-wkly | 2,383.96 | 2,439.60 | 2,500.38 | 2,562.01 | 2,626.21 | 2,691.26 | 2,757.18 | 2,825.66 | 2,896.70 | 2,966.90 | 3,043.06 |
| 59 | Hourly | 30.4950 | 31.2547 | 32.0251 | 32.8276 | 33.6408 | 34.4647 | 35.3207 | 36.2088 | 37.0862 | 38.0385 | 38.9587 |
| | Appx. Bi-wkly | 2,439.60 | 2,500.38 | 2,562.01 | 2,626.21 | 2,691.26 | 2,757.18 | 2,825.66 | 2,896.70 | 2,966.90 | 3,043.06 | 3,116.70 |
| 60 | Hourly | 31.2547 | 32.0251 | 32.8276 | 33.6408 | 34.4647 | 35.3207 | 36.2088 | 37.0862 | 38.0385 | 38.9587 | 39.9645 |
| | Appx. Bi-wkly | 2,500.38 | 2,562.01 | 2,626.21 | 2,691.26 | 2,757.18 | 2,825.66 | 2,896.70 | 2,966.90 | 3,043.06 | 3,116.70 | 3,197.16 |
| 61 | Hourly | 32.0251 | 32.8276 | 33.6408 | 34.4647 | 35.3207 | 36.2088 | 37.0862 | 38.0385 | 38.9587 | 39.9645 | 40.9168 |
| | Appx. Bi-wkly | 2,562.01 | 2,626.21 | 2,691.26 | 2,757.18 | 2,825.66 | 2,896.70 | 2,966.90 | 3,043.06 | 3,116.70 | 3,197.16 | 3,273.34 |
| 82 | Hourly | 32.8276 | 33.6408 | 34.4647 | 35.3207 | 36.2088 | 37.0862 | 38.0385 | 38.9587 | 39.9645 | 40.9168 | 41.9440 |
| | Appx. Bi-wkly | 2,626.21 | 2,691.26 | 2,757.18 | 2,825.66 | 2,896.70 | 2,966.90 | 3,043.06 | 3,116.70 | 3,197.16 | 3,273.34 | 3,355.52 |
| 83 | Hourly | 33.6408 | 34.4647 | 35.3207 | 36.2088 | 37.0862 | 38.0385 | 38.9587 | 39.9645 | 40.9168 | 41.9440 | 42.9819 |
| | Appx. Bi-wkly | 2,691.26 | 2,757.18 | 2,825.66 | 2,896.70 | 2,966.90 | 3,043.06 | 3,116.70 | 3,197.16 | 3,273.34 | 3,355.52 | 3,438.55 |
| 84 | Hourly | 34.4647 | 35.3207 | 36.2088 | 37.0862 | 38.0385 | 38.9587 | 39.9645 | 40.9168 | 41.9440 | 42.9819 | 44.0198 |
| | Appx. Bi-wkly | 2,757.18 | 2,825.66 | 2,896.70 | 2,966.90 | 3,043.06 | 3,116.70 | 3,197.16 | 3,273.34 | 3,355.52 | 3,438.55 | 3,521.58 |

52

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 65 | Hourly | 35.3207 | 36.2088 | 37.0682 | 38.0385 | 38.9587 | 39.9645 | 40.9168 | 41.9440 | 42.9819 | 44.0198 | 45.1326 |
| | Appx. Bi-wkly | 2,825.66 | 2,896.70 | 2,966.90 | 3,043.08 | 3,116.70 | 3,197.16 | 3,273.34 | 3,355.52 | 3,438.55 | 3,521.58 | 3,610.61 |
| 66 | Hourly | 36.2088 | 37.0682 | 38.0385 | 38.9587 | 39.9645 | 40.9168 | 41.9440 | 42.9819 | 44.0198 | 45.1326 | 46.2561 |
| | Appx. Bi-wkly | 2,896.70 | 2,966.90 | 3,043.08 | 3,116.70 | 3,197.16 | 3,273.34 | 3,355.52 | 3,438.55 | 3,521.58 | 3,610.61 | 3,700.49 |
| 68 | Hourly | 38.0385 | 38.9587 | 39.9845 | 40.9168 | 41.9440 | 42.9819 | 44.0198 | 45.1326 | 46.2561 | 47.4117 | 48.5994 |
| | Appx. Bi-wkly | 3,043.08 | 3,116.70 | 3,197.16 | 3,273.34 | 3,355.52 | 3,438.55 | 3,521.58 | 3,610.61 | 3,700.49 | 3,792.94 | 3,887.95 |
| 69 | Hourly | 38.9587 | 39.9645 | 40.9168 | 41.9440 | 42.9819 | 44.0198 | 45.1326 | 46.2561 | 47.4117 | 48.5994 | 49.8299 |
| | Appx. Bi-wkly | 3,116.70 | 3,197.16 | 3,273.34 | 3,355.52 | 3,438.55 | 3,521.58 | 3,610.61 | 3,700.49 | 3,792.94 | 3,887.95 | 3,986.39 |
| 73 | Hourly | 42.9819 | 44.0198 | 45.1326 | 46.2561 | 47.4117 | 48.5994 | 49.8299 | 51.1032 | 52.3551 | 53.6712 | 54.9980 |
| | Appx. Bi-wkly | 3,438.55 | 3,521.58 | 3,610.61 | 3,700.49 | 3,792.94 | 3,887.95 | 3,986.39 | 4,088.26 | 4,188.41 | 4,293.70 | 4,399.84 |
| 75 | Hourly | 45.1326 | 46.2561 | 47.4117 | 48.5994 | 49.8299 | 51.1032 | 52.3551 | 53.6712 | 54.9980 | 56.3676 | 57.7586 |
| | Appx. Bi-wkly | 3,610.61 | 3,700.49 | 3,792.94 | 3,887.95 | 3,986.39 | 4,088.26 | 4,188.41 | 4,293.70 | 4,399.84 | 4,509.41 | 4,620.69 |
| 77 | Hourly | 47.4117 | 48.5994 | 49.8299 | 51.1032 | 52.3551 | 53.6712 | 54.9980 | 56.3676 | 57.7586 | 59.2245 | 60.7011 |
| | Appx. Bi-wkly | 3,792.94 | 3,887.95 | 3,986.39 | 4,088.26 | 4,188.41 | 4,293.70 | 4,399.84 | 4,509.41 | 4,620.69 | 4,737.96 | 4,856.09 |
| 79 | Hourly | 49.8299 | 51.1032 | 52.3551 | 53.6712 | 54.9980 | 56.3676 | 57.7586 | 59.2245 | 60.7011 | 62.1884 | 63.7934 |
| | Appx. Bi-wkly | 3,986.39 | 4,088.26 | 4,188.41 | 4,293.70 | 4,399.84 | 4,509.41 | 4,620.69 | 4,737.96 | 4,856.09 | 4,975.07 | 5,103.47 |

## SUPPORT SERVICES UNIT

| Range | | Step 1 | Step 2 | Step 3 | Step 4 | Step 5 | Step 6 |
|---|---|---|---|---|---|---|---|
| 27 | Hourly | 13.9742 | 14.6697 | 15.4187 | 16.1677 | 16.9916 | 17.8583 |
| | Appx. Bi-wkly | 1,117.94 | 1,173.58 | 1,233.50 | 1,293.42 | 1,359.33 | 1,428.66 |
| 33 | Hourly | 16.1677 | 16.9916 | 17.8583 | 18.7357 | 19.6452 | 20.6403 |
| | Appx. Bi-wkly | 1,293.42 | 1,359.33 | 1,428.66 | 1,498.86 | 1,571.62 | 1,651.22 |
| 34 | Hourly | 16.5529 | 17.4196 | 18.2756 | 19.1851 | 20.1481 | 21.1646 |
| | Appx. Bi-wkly | 1324.23 | 1393.57 | 1462.05 | 1534.81 | 1611.85 | 1693.17 |
| 37 | Hourly | 17.8583 | 18.7357 | 19.6452 | 20.6403 | 21.6782 | 22.7696 |
| | Appx. Bi-wkly | 1,428.66 | 1,498.86 | 1,571.62 | 1,651.22 | 1,734.26 | 1,821.57 |
| 39 | Hourly | 18.7357 | 19.6452 | 20.6403 | 21.6782 | 22.7696 | 23.9038 |
| | Appx. Bi-wkly | 1,498.86 | 1,571.62 | 1,651.22 | 1,734.26 | 1,821.57 | 1,912.30 |
| 41 | Hourly | 19.6452 | 20.6403 | 21.6782 | 22.7696 | 23.9038 | 25.0915 |
| | Appx. Bi-wkly | 1,571.62 | 1,651.22 | 1,734.26 | 1,821.57 | 1,912.30 | 2,007.32 |
| 42 | Hourly | 20.1481 | 21.1646 | 22.2132 | 23.3367 | 24.5030 | 25.7228 |
| | Appx. Bi-wkly | 1,611.85 | 1,693.17 | 1,777.06 | 1,866.94 | 1,960.24 | 2,057.82 |
| 43 | Hourly | 20.6403 | 21.6782 | 22.7696 | 23.9038 | 25.0915 | 26.3755 |
| | Appx. Bi-wkly | 1,651.22 | 1,734.26 | 1,821.57 | 1,912.30 | 2,007.32 | 2,110.04 |
| 44 | Hourly | 21.1646 | 22.2132 | 23.3367 | 24.5030 | 25.7228 | 27.0068 |
| | Appx. Bi-wkly | 1,693.17 | 1,777.06 | 1,866.94 | 1,960.24 | 2,057.82 | 2,160.54 |
| 46 | Hourly | 22.2132 | 23.3367 | 24.5030 | 25.7228 | 27.0068 | 28.3550 |
| | Appx. Bi-wkly | 1,777.06 | 1,866.94 | 1,960.24 | 2,057.82 | 2,160.54 | 2,268.40 |
| 51 | Hourly | 25.0915 | 26.3755 | 27.6702 | 29.0612 | 30.4950 | 32.0251 |
| | Appx. Bi-wkly | 2,007.32 | 2,110.04 | 2,213.62 | 2,324.90 | 2,439.60 | 2,562.01 |
| 52 | Hourly | 25.7228 | 27.0068 | 28.3550 | 29.7995 | 31.2547 | 32.8276 |
| | Appx. Bi-wkly | 2,057.82 | 2,160.54 | 2,268.40 | 2,383.96 | 2,500.38 | 2,626.21 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 53 | Hourly | 26.3755 | 27.6702 | 29.0612 | 30.4950 | 32.0251 | 33.6408 |
| | Appx. Bi-wkly | 2,110.04 | 2,213.62 | 2,324.90 | 2,439.60 | 2,562.01 | 2,691.26 |
| 55 | Hourly | 27.6702 | 29.0612 | 30.4950 | 32.0251 | 33.6408 | 35.3207 |
| | Appx. Bi-wkly | 2,213.62 | 2,324.90 | 2,439.60 | 2,562.01 | 2,691.26 | 2,825.66 |
| 56 | Hourly | 28.3550 | 29.7995 | 31.2547 | 32.8276 | 34.4647 | 36.2088 |
| | Appx. Bi-wkly | 2,268.40 | 2,383.96 | 2,500.38 | 2,626.21 | 2,757.18 | 2,896.70 |
| 58 | Hourly | 29.7995 | 31.2547 | 32.8276 | 34.4647 | 36.2088 | 38.0385 |
| | Appx. Bi-wkly | 2,383.96 | 2,500.38 | 2,626.21 | 2,757.18 | 2,896.70 | 3,043.08 |
| 59 | Hourly | 30.4950 | 32.0251 | 33.6408 | 35.3207 | 37.0862 | 38.9587 |
| | Appx. Bi-wkly | 2,439.60 | 2,562.01 | 2,691.26 | 2,825.66 | 2,966.90 | 3,116.70 |
| 60 | Hourly | 31.2547 | 32.8276 | 34.4647 | 36.2088 | 38.0385 | 39.9645 |
| | Appx. Bi-wkly | 2,500.38 | 2,626.21 | 2,757.18 | 2,896.70 | 3,043.08 | 3,197.16 |
| 61 | Hourly | 32.0251 | 33.6408 | 35.3207 | 37.0862 | 38.9587 | 40.9168 |
| | Appx. Bi-wkly | 2,562.01 | 2,691.26 | 2,825.66 | 2,966.90 | 3,116.70 | 3,273.34 |
| 62 | Hourly | 32.8276 | 34.4647 | 36.2088 | 38.0385 | 39.9645 | 41.9440 |
| | Appx. Bi-wkly | 2,626.21 | 2,757.18 | 2,896.70 | 3,043.08 | 3,197.16 | 3,355.52 |
| 63 | Hourly | 33.6408 | 35.3207 | 37.0862 | 38.9587 | 40.9168 | 42.9819 |
| | Appx. Bi-wkly | 2,691.26 | 2,825.66 | 2,966.90 | 3,116.70 | 3,273.34 | 3,438.55 |
| 64 | Hourly | 34.4647 | 36.2088 | 38.0385 | 39.9645 | 41.9440 | 44.0198 |
| | Appx. Bi-wkly | 2,757.18 | 2,896.70 | 3,043.08 | 3,197.16 | 3,355.52 | 3,521.58 |
| 65 | Hourly | 35.3207 | 37.0862 | 38.9587 | 40.9168 | 42.9819 | 45.1326 |
| | Appx. Bi-wkly | 2,825.66 | 2,966.90 | 3,116.70 | 3,273.34 | 3,438.55 | 3,610.61 |
| 66 | Hourly | 36.2088 | 38.0385 | 39.9645 | 41.9440 | 44.0198 | 46.2561 |
| | Appx. Bi-wkly | 2,896.70 | 3,043.08 | 3,197.16 | 3,355.52 | 3,521.58 | 3,700.49 |
| 68 | Hourly | 38.0385 | 39.9645 | 41.9440 | 44.0198 | 46.2561 | 48.5994 |
| | Appx. Bi-wkly | 3,043.08 | 3,197.16 | 3,355.52 | 3,521.58 | 3,700.49 | 3,887.95 |
| 69 | Hourly | 38.9587 | 40.9168 | 42.9819 | 45.1326 | 47.4117 | 49.8299 |
| | Appx. Bi-wkly | 3,116.70 | 3,273.34 | 3,438.55 | 3,610.61 | 3,792.94 | 3,986.39 |
| 73 | Hourly | 42.9819 | 45.1326 | 47.4117 | 49.8299 | 52.3551 | 54.9980 |
| | Appx. Bi-wkly | 3,438.55 | 3,610.61 | 3,792.94 | 3,986.39 | 4,188.41 | 4,399.84 |
| 75 | Hourly | 45.1326 | 47.4117 | 49.8299 | 52.3551 | 54.9980 | 57.7586 |
| | Appx. Bi-wkly | 3,610.61 | 3,792.94 | 3,986.39 | 4,188.41 | 4,399.84 | 4,620.69 |
| 77 | Hourly | 47.4117 | 49.8299 | 52.3551 | 54.9980 | 57.7586 | 60.7011 |
| | Appx. Bi-wkly | 3,792.94 | 3,986.39 | 4,188.41 | 4,399.84 | 4,620.69 | 4,856.09 |
| 79 | Hourly | 49.8299 | 52.3551 | 54.9980 | 57.7586 | 60.7011 | 63.7934 |
| | Appx. Bi-wkly | 3,986.39 | 4,188.41 | 4,399.84 | 4,620.69 | 4,856.09 | 5,103.47 |

# Superior Court of California
# County of San Bernardino

## July 1, 2015, through September 30, 2019



**SEIU Local 721**
**6177 River Crest Dr Ste B**
**Riverside CA  92507-0786**
**Questions? Call the Member Connection (877) 721-4YOU**
**www.seiu721.org**
**facebook.com/seiu721     twitter.com/seiu721**

opeiu 537, afl-cio